HARRIET W. WENGER, APPELLANT, V. JAMES E. WENGER, APPELLEE.

263 N. W. 2d 855

Filed March 29, 1978. No. 41360.

John A. Wagoner of Wagoner & Wagoner and Cunningham, Blackburn, Von Seggern & Livingston, for appellant.

Luebs, Tracy, Dowding, Beltzer & Leininger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, J.

This is an action for dissolution of marriage. Petitioner, Harriet W. Wenger, appeals, challenging the division of property and the failure to award alimony. We affirm as modified.

The parties were married in 1949. Harriet W. Wenger, at the time of the trial, was 52 years of age. Respondent, James E. Wenger, was 54. Both are in

good health. Three children were born of the marriage. All are of legal age.

During the marriage petitioner received as gifts and inheritance the sum of $69,121.97, which was contributed to the marriage. She contributed $40,000 toward the cost of the family residence in 1964, and $20,000 for the purchase of a cabin in Estes Park, Colorado, in 1975. This latter contribution is evidenced by a promissory note from respondent in the amount of $20,000. Petitioner testified that she advanced $4,000 in 1960, to pay bills of her husband's insurance agency which later merged with the present agency, Stephens-Ryder-Wenger Insurance Company. Respondent testified that part of the $4,000 was to pay personal bills and family obligations.

James E. Wenger is part owner of the insurance agency. His adjusted gross income since 1970, has been as follows:

| | |
|------|---------|
| 1970 | $38,216 |
| 1971 | 39,187 |
| 1972 | 44,487 |
| 1973 | 48,172 |
| 1974 | 56,800 |
| 1975 | 60,208 |
| 1976 | 87,790 |

The court determined the assets of the parties had a value of $126,990. The court found petitioner had contributed $69,121.97 to the marriage, from inheritance and gifts, and that she should be entitled to the return of that amount before any property division between the parties occurred. The court then found the remaining equity in the assets was $57,868.63, and that each party should receive an equal share of said amount.

The value of the property set off to the wife was $96,256.29. This included her inheritance of $69,-121.97, plus $26,934.32 of the marital property. This was achieved by setting off to her the home of the parties at a value of $75,000. This is the home ac-

quired with $40,000 of the wife's inheritance, plus an equity in a prior home of $9,500. Additionally, the wife received household goods valued at $1,000; a bank account of $2,138; a Mercury automobile valued at $4,500; cash of $1,618.29; and $12,000 of mutual funds.

The property set off to the husband included the Estes Park property at $37,000, with an indebtedness of $11,000; 220 shares of stock in his insurance business, on which a value of $25,823.60 was placed; Bankshares of Nebraska stock at a value of $4,700; and Commercial National Bank stock of $2,633. This was a total of $59,156.60, from which he was to pay two bank loans and miscellaneous debts of $28,604. He was also to pay $1,618.29 cash to his wife, giving him a net of $28,934.31.

The 220 shares of stock in the insurance agency were included in the property division at $25,823.60. The dividends paid on the stock during the year preceding the divorce were $8,279, or a return of $37.63 per share. This would indicate that property may be undervalued.

The wife has challenged the property division and the failure to award alimony. We find no fault with the property division. We note, however, the court did not award the wife one-half of the marital property, as his order suggests. This comes about because property to the value of $1,800 listed in the inventory of the marital assets was not included in the final figures. The property division, however, would appear to be equitable, and we affirm it.

We find, however, that the wife should have been awarded alimony. This was a marriage of 28 years duration. The petitioner had a considerable inheritance which was used to advance the life style of the parties and their three children. Part of her inheritance was used to pay debts of the husband's business before it was merged into the present business. During the 7 years from 1970 to 1976, the husband's

annual income has increased from $38,000 to approximately $88,000. It is evident his business has now reached a very profitable plateau. On the other hand, the wife, whose employment opportunities are very limited at her present age, has acquired a real estate license. For the year before the trial herein she grossed $2,900 before the deduction of expenses, which would absorb a good part of that amount.

We said in Magruder v. Magruder, 190 Neb. 573, 209 N. W. 2d 585 (1973): "Alimony may be ordered in addition to a property settlement award. * * * The relevant circumstances in determining whether alimony should be awarded and in what amount will vary from case to case."

In that case we also said: "When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, and the ability of the supported party to engage in gainful employment * * *."

Considering the ages and respective incomes of the parties herein, Harriet W. Wenger is allowed monthly alimony of $300 per month for a period of 5 years, beginning with the filing of our mandate in the trial court, but such alimony shall terminate upon the death of either party, or the remarriage of the petitioner.

The petitioner is awarded an attorney's fee of $1,000 for the services of her attorney in this court.

The judgment of the District Court is affirmed as modified.

AFFIRMED AS MODIFIED.