JOHN M. VAN NEWKIRK, APPELLEE AND CROSS-APPELLANT, V. BONNIE K. VAN NEWKIRK, APPELLANT AND CROSS-APPELLEE.

325 N.W.2d 832

Filed October 29, 1982. No. 81-579.

Wright, Simmons & Selzer, for appellant.

Robert W. Mullin and Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

Heard before KRIVOSHA, C.J., McCOWN, WHITE, and CAPORALE, JJ., and BRODKEY, J., Retired.

KRIVOSHA, C.J.

This is an appeal from a decree entered by the District Court for Scotts Bluff County, Nebraska, dissolving the marriage between the appellant, Bonnie K. Van Newkirk, and the appellee, John M. Van Newkirk. The facts are essentially without dispute. The parties were married on December 19, 1959. As a result of the marriage two children were born to the parties, both of whom were, at the time of trial, minors and residing in the family home.

The record indicates that the parties acquired most of their assets during the course of the marriage and both made substantial contributions to the marriage and to the acquisition of that property. There were, however, several items of property included by the trial court in computing the marital estate which are now contested by the wife. Included in this property is a 320-acre wheat farm in Garden County, Nebraska, which was given to the wife by her parents in 1963. The trial court credited to the wife as her sole property the value of the farm in 1963 and credited to the marital estate the increase in value as determined by the court on the date of trial. In addition, the trial court included in the marital estate the value of the unharvested

crops located upon the farm. The wife maintains that this was error.

The court further included as part of the marital estate stock in a mutual fund given to both the husband and wife as a gift by the wife's parents and having a value at the time of trial of $21,988.80. The wife likewise contends that this was error.

A third item in dispute is a loan in the amount of $25,000 from the father of the wife to both parties. At the time of trial the loan was unpaid. The court determined that the loan was not a legitimate obligation of the parties because the father had already delivered possession of the note to the parties prior to these proceedings and was not seeking repayment. The debt, therefore, was not considered in determining the value of the marital estate. The wife likewise contends that this was error.

The husband has filed a cross-appeal, maintaining that alimony allowed by the court to the wife in the amount of $400 per month for a maximum of 121 months and subject to modification in the event of the remarriage of the wife or change of circumstances was an abuse of discretion on the part of the trial court.

We shall consider the errors in the order noted above. In doing so we are required to keep in mind certain basic principles. In *Johnson v. Johnson,* 209 Neb. 317, 321, 307 N.W.2d 783, 787 (1981), we said: "[T]he rules for determining division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined; they are to be determined by the facts in each case. The court will consider all pertinent facts in reaching an award that is just and equitable." And in *Ragains v. Ragains,* 204 Neb. 50, 55, 281 N.W.2d 516, 519 (1979), we said: "Generally speaking, awards in cases of this kind vary from one-third to one-half of the value of the property involved depending upon the facts and circumstances

of the particular case." Furthermore, we review the record de novo, giving due regard to the trial court which had the opportunity to observe the witnesses. See, also, *Meysenburg v. Meysenburg,* 208 Neb. 456, 303 N.W.2d 783 (1981). And in *Koubek v. Koubek, ante* p. 2, 5, 321 N.W.2d 55, 58 (1982), we said: "How property, inherited by a party during the marriage, will be considered in determining division of property or award of alimony must depend upon the facts of the particular case and the equities involved." While we have not heretofore said in exact words how property acquired by inheritance or gift during the marriage should be considered, an examination of our previous decisions discloses that when awarding property in a dissolution of marriage, property acquired by one of the parties through gift or inheritance ordinarily is set off to the individual receiving the inheritance or gift and is not considered a part of the marital estate. See, *Wenger v. Wenger,* 200 Neb. 446, 263 N.W.2d 855 (1978); *Cozette v. Cozette,* 196 Neb. 780, 246 N.W.2d 473 (1976); *Johnson v. Johnson, supra.* An exception to the rule is where both of the spouses have contributed to the improvement or operation of the property which one of the parties owned prior to the marriage or received by way of gift or inheritance, or the spouse not owning the property prior to the marriage or not receiving the inheritance or gift has significantly cared for the property during the marriage. See *Rhodes v. Rhodes,* 210 Neb. 373, 314 N.W.2d 271 (1982).

While we are ever reluctant to disturb the division of property as ordered by the trial court, an examination of the evidence in this case discloses that the general rule with regard to property acquired by inheritance or gift should be applied with regard to the 320-acre farm. The evidence is clear that the gift was specifically made to the wife. Although the evidence indicates that the husband may have spent

some limited time on the property in connection with the harvests, it is clear from the record that the increase in value is due principally to inflation and not to any significant efforts by the husband. We believe the trial court erred in including the farm's appreciation in the marital estate. It should have been set aside to the wife and disregarded in computing the marital estate.

We reach the same conclusion with regard to the unharvested crops which were a part of the property. Neither party spent much, if any, time in the planting or harvesting of the crops, and it would appear that, having set aside the property to the wife, we should likewise include the crops. We reach a different conclusion with regard to the mutual funds. In that respect the evidence is clear that the gift was to both the husband and wife. We have no way of determining from the record that the wife's father did not intend that the funds be a gift to both parties. For that reason the trial court was correct in including the value of the mutual funds in the marital estate. Likewise, the evidence supports the trial court's conclusion that the debt had, in effect, been canceled by the wife's father when he returned the note and did not at any time seek repayment.

We believe, therefore, that the decree entered by the trial court should be modified to exclude from the marital estate the appreciated value of the 320-acre farm in Garden County and the value of the growing crops, and both should, as ordered by the trial court, be the sole and absolute property of the wife. When that is done, it would appear that the division of property between the husband and wife, under the facts of this case, are disproportionate and not in keeping with our rules as earlier announced. Therefore, the wife should receive some additional property from the marital estate. For that reason, we further modify the decree of the trial court to set

over to the wife as her sole and own property, free of any right, title, or interest of the husband, the Stock Founders Mutual Fund which, at the time of trial, had a value of $21,988.80, and we further set over to the wife as her sole and separate property, free of any right, title, or interest of the husband, the IRA accounts of the parties which, at the time of trial, were in the amount of $1,750.

We have further reviewed the husband's contention that the court should not have awarded alimony in this case. We believe, however, that in view of all the circumstances and in light of our previous decisions the award of alimony in this case was in all respects proper.

For the reasons set out in this opinion, the judgment of the trial court is affirmed except as specifically modified herein, each party to pay his or her own costs, including attorney fees.

AFFIRMED AS MODIFIED.