CAROL A. LORD, APPELLEE, v. PHILLIP L. LORD, APPELLANT.

330 N.W.2d 492

Filed February 25, 1983. No. 81-823.

Tedd C. Huston and Steven A. Goeden, for appellant.

John O. Sennett of Black & Sennett, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

MORAN, D.J.

Respondent, Phillip Lord (Phillip), appeals from the amended decree of dissolution which dissolved the marriage, assigned property, allocated debts, and determined child custody and support in an action brought by the petitioner, Carol Lord (Carol). We affirm.

The parties were married on April 22, 1976. They are the parents of two children, born May 2, 1977,

and October 16, 1979. The primary asset of the marital property is their residence. The house was moved onto an acreage, which Carol's father conveyed to her as a gift after the marriage, and was remodeled extensively. The parents paid for some of the improvements. Carol's father, together with members of his family, Phillip's father, and the parties, did considerable labor on the residence. At the trial an attempt was made to value the work done by family members and to set it off from the marital estate as gifts to the party related to the donor. The record does not disclose that the trial judge dealt with the work as gifts, and we do not. The house, exclusive of the land, was appraised at $42,665 and $43,505. Either figure exceeds the value of the equity of the parties in the marital property.

Shortly before she filed the action, Carol transferred 12 cows and 8 heifer calves to her parents, which she claimed was in satisfaction of advancements made by her parents for her college expenses and other debts such as feed bills and pasture rent. These animals consisted of livestock owned by Carol at the marriage and their offspring. Her parents kept and cared for the animals without cost to Carol. Shortly after the marriage, Phillip replaced a calf which had died by purchasing one for $75.

Phillip was employed as a repairman and during the year preceding trial earned $10,800. Carol is a registered nurse and was employed on a part-time basis. At the time of the trial she earned approximately $200 per month.

The amended decree assigned the house, most of the contents, and the land to Carol, together with the automobile she owned before the marriage. The court assigned to Phillip the parties' pickup, the cash value of life insurance policies, and the value of his pension account with his employer. Debts were allocated between the parties, and Carol was ordered to pay Phillip $14,223 in 10 annual installments of $1,422.30, with interest on the unpaid balance at

the current legal rate. Child support due from Phillip to Carol, who was awarded custody of the children, was fixed at $100 per month for each child, and each party was ordered to pay his own attorney fees. The trial court found that the transfer of livestock was in consideration of a debt Carol owed her father.

We determine that after setting off to Carol the land and other improvements paid for by her parents, Carol received, under the amended decree, approximately 69 percent of the marital estate.

Phillip's assignments of error are that Carol was awarded a disproportionate share of the marital property and that the court improperly determined that the transfer of cattle was in consideration of a preexisting debt.

The rules for determining the division of property in an action for dissolution of marriage provide no mathematical formula by which such awards can be precisely determined. Such awards are to be determined by the facts in each case. *Burton v. Burton,* 205 Neb. 865, 290 N.W.2d 658 (1980). Statutory guidelines are found in Neb. Rev. Stat. § 42-365 (Cum. Supp. 1982). How property owned at marriage and acquired by gift or inheritance will be considered in determining division of property or award of alimony must depend upon the facts of the particular case and the equities involved. *Van Newkirk v. Van Newkirk,* 212 Neb. 730, 325 N.W.2d 832 (1982).

Applying these rules to the facts of this case, we find there was no abuse of discretion by the trial court. Of considerable significance here is Carol's duty to provide suitable housing and care for the children.

While we do not agree that the transfer of cattle was in satisfaction of a preexisting debt, it is of no consequence. Phillip's contribution to the herd consisted of the purchase of a calf for $75. The cattle were kept as a part of Carol's father's herd. Neither of the parties cared for or fed them except in-

cidentally as a part of the work they performed from time to time on the ranch. They should be treated as Carol's and are not a part of the marital estate. An adjustment for Phillip's purchasing the calf would be trifling and is not warranted.

In her brief, Carol complains of improper division of personal property, inadequacy of child support, and the interest requirement on the money judgment. However, she did not cross-appeal and assign these determinations as error. Hence, these claims will not be considered. *Peterson v. Strayer,* 121 Neb. 866, 239 N.W. 213 (1931).

AFFIRMED.