STELLA F. MARTIN, APPELLEE, v. JOHN F. MARTIN, APPELLANT.

339 N.W.2d 754

Filed November 4, 1983. No. 82-822.

James D. Smith of Brock, Seiler and Smith, for appellant.

William M. Connolly of Conway and Connolly, P.C., for appellee.

KRIVOSHA, C.J., HASTINGS, CAPORALE, and GRANT, JJ., and BRODKEY, J., Retired.

PER CURIAM.

John F. Martin, the respondent, has appealed from the judgment of the District Court in a marriage dissolution proceeding, assigning as error generally the division of marital property and debts of the parties.

The respondent and Stella F. Martin, the petitioner and appellee, had been married for 22 years. Four children were born to the parties, two of whom were, at the time of trial, residing with Mrs. Martin. A decree of dissolution was entered by the court on November 2, 1982. We are required to review the record de novo. *Van Newkirk v. Van Newkirk*, 212 Neb. 730, 325 N.W.2d 832 (1982).

The record indicates the parties acquired most of their assets during the course of the marriage, and both made substantial contributions to the marriage and acquisition of property. The trial court awarded the husband a quarter section of farmland, farm machinery, livestock, grain in storage or to be harvested, and a 6-percent interest in his father's limited farm partnership. Also, the husband was required to pay the total marital indebtedness of $391,442, of which almost all related to debt for the quarter section of farmland, machinery, and livestock.

The wife received 19 parcels of Arizona property

acquired during marriage as an investment, and a 6-percent interest in the limited farm partnership of the respondent's father, which was gifted to her directly for estate tax savings purposes. Household furnishings were divided evenly between the parties, and the husband was ordered to pay $400 per month alimony until the death or remarriage of the petitioner, and $150 a month child support per child during the minority of each.

In evaluating the marital estate, only two items of property appear to be in substantial dispute. The valuation of the Arizona real estate ranges from $144,290, placed on it by Mr. Martin, to $64,940, assigned by Mrs. Martin. The petitioner also contends that because the respondent was awarded the unharvested crops, consisting of 156 acres of corn on the home place and 80 acres of milo on sharecrop land, the apparent disparity between the amounts awarded the two parties is greatly diminished.

Without considering the growing crops, taking Mr. Martin's valuation of the Arizona property, he received 4.2 percent of the net marital estate, compared to 95.8 percent received by Mrs. Martin. Utilizing the valuation assigned by Mrs. Martin, the respondent received 8.2 percent of the net estate, and she 91.8 percent. On the face of it, considering Mr. Martin's obligation to pay $4,800 per year alimony indefinitely, as well as child support for a short period of time in the future, the division of property appears disproportionate. " 'Generally speaking, awards in cases of this kind vary from one-third to one-half of the value of the property involved depending upon the facts and circumstances of the particular case.' " *Van Newkirk, supra* at 732-33, 325 N.W.2d at 833.

However, the petitioner argues that by allowing her former husband to retain all of the unharvested crops, the division of property is somehow equalized. The respondent insists that growing crops are but an expectancy of income out of which he must

pay the alimony and child support for the coming year. It is not necessary for us to decide this question because the record contains no evidence of market value, nor any evidence concerning the expenses of planting and harvesting the crops, quality, or type of corn connected with this crop. We believe that, after looking at the record in this case, to assign a value for the unharvested crops would be too speculative.

Although we have said that we are hesitant to disturb the division of property made by the trial court, we must do so when it is patently unfair on the record. *Johnson v. Johnson*, 209 Neb. 317, 307 N.W.2d 783 (1981). For the reasons discussed above, we conclude that the division of property in this case was unfair to the respondent.

The respondent suggests that we set over to him the 6-percent interest in his father's limited partnership farming interest which had been given to the petitioner, as well as a similar share to the respondent, as part of the elder Martin's estate plan. There is no solid evidence of its value. The trial court simply allowed each party to retain his or her separate estates, including these gifts. Due to the fact that this is a limited partnership which gives no control over the business operations to the petitioner, we do not believe it is necessary to alter that arrangement.

Rather, we conclude that the only practical way to adjust the property division is to make an arbitrary assignment of some of the Arizona land to the respondent. Accordingly, we modify the decree of the trial court and order that there be set over to respondent as his sole property the following: Lots 2976 and 2980, Arizona City, Unit Two-A, Pinal County, Arizona; Lot 573, Arizona City, Unit Ten, Pinal County; and Lots 52 and 53, Arizona City, Unit Fifteen, Pinal County. This real estate has a total value of $64,000 according to the respondent and $21,840 according to the petitioner, which now

amounts to an award of 56 percent to Mrs. Martin, using the respondent's valuations, or 64.9 percent using her valuations.

As modified herein, the judgment of the District Court is affirmed.

AFFIRMED AS MODIFIED.