ROBERT W. APPLEGATE, APPELLEE, V. VERA APPLEGATE, APPELLANT.
365 N.W.2d 394

Filed March 22, 1985.   No. 83-911.

James R. Hancock of James R. Hancock, P.C., for appellant.

Robert G. Simmons, Jr., of Wright, Simmons & Selzer, for appellee.

KRIVOSHA, C.J., WHITE, and SHANAHAN, JJ., and McCOWN, J., Retired, and BUCKLEY, D.J.

BUCKLEY, D.J.

On appeal from the trial court's decree of dissolution of the 19-year marriage of Robert and Vera Applegate, Vera assigns as

error: (1) Inadequate award of support to her and the two minor children whose custody was awarded to her; (2) Failure to award her alimony; (3) Inadequate award of the assets of the parties; and (4) Exclusion from the determination of marital assets real and personal property acquired by Robert during the marriage by gift or inheritance from his parents.

At the time of their marriage in 1964, Robert was 32 and Vera was 19. Neither brought any property into the marriage.. The couple moved into a house that sat on a 152-acre tract owned by Robert's parents as tenants in common. Robert and his father farmed this land (tract No. 2), as well as an 80-acre tract (tract No. 1), north and adjacent to tract No. 2, which his father leased. In 1966 Robert and Vera jointly purchased the 80-acre tract on contract. At the time of the trial it was paid for.

In 1973 Robert's father traded small parcels of land with a party named Drumheller. Robert's father gave the Drumheller parcel to Robert by having Drumheller convey it directly to Robert. This tract (tract No. 3) contains approximately 14.7 acres and is contiguous to tract No. 1.

In 1978 Robert's father died. Robert inherited his father's one-half interest in the 152-acre farm (tract No. 2). Shortly thereafter, Robert's mother conveyed the one-half interest she had as a tenant in common to Robert and Vera as joint tenants.

The farming operation consisted primarily of raising corn and hay to feed cattle. The cattle were grazed in the summer at a nearby ranch in Sioux County and brought to the farm for wintering.

Three children were born of the marriage, who, at the time of trial, were Diana, age 17, Stephanie, age 16, and Sean, age 14. Although custody of the children appears to have been at issue until trial, the evidence at trial made it clear that the parties were in agreement that Robert should have custody of Diana and Vera should have custody of Stephanie and Sean, and the trial court so decreed. Robert was ordered to pay child support of $350 per month, reduced to $250 per month when his obligation to support Stephanie terminated. Vera was not required to pay child support for Diana.

The trial court determined the value and awarded the assets of the parties as follows:

| | | Excluded from Marital Estate | Included in Marital Estate | |
| | | and Set off | Awarded to | Awarded to |
| Item | Value | to Robert | Robert | Vera |
|---|---|---|---|---|
| Tract No. 1 (80 A) | $65,000 | | $65,000 | |
| Tract No. 2 (152 A) | 90,000 | $67,500 | 22,500 | |
| Tract No. 3 (14.7 A) | 8,300 | 8,300· | | |
| Farm Machinery | 16,495 | 4,935 | 11,560 | |
| Livestock | 37,475 | | 37,475 | |
| Unsold Crops | 6,800 | | 6,800 | |
| 1979 Ford Pickup | 4,400 | | 4,400 | |
| 1975 Ford Granada | 200 | | 200 | |
| Life Ins. Policies | 2,100 | | 1,100 | $1,000 |
| 1981 Mercury Cougar | 5,500 | | | 5,500 |
| Household Goods | 1,000 | | | 1,000 |
| Bank Accounts | 2,000 | | 2,000 | |
| Totals | $239,270 | $80,735 | $151,035 | $7,500 |

Robert was ordered to pay Vera $32,000 as property settlement, $2,000 of which was payable at once and $30,000 payable at $300 per month, with interest at the legal rate on the unpaid balance. Robert was ordered to pay all debts of the parties, which consisted of an ongoing loan from the Scottsbluff National Bank, with a balance at time of trial of $77,096. The net assets awarded to Robert, after deducting the bank loan and the property settlement, are $41,939. The award to Vera, after adding the property settlement, is $39,500. Vera disputes the values fixed by the trial court on most of the assets, but there is no evidence in the record to support the values set out in her brief, except as to the three tracts. There, two appraisal reports were received without testimony from the appraisers. The value placed on each tract by the trial court was higher than Robert's appraiser and lower than Vera's appraiser. We are not inclined to change the trial court's findings on any asset values.

Vera's major contention is that the trial court was wrong in excluding any of the three farm tracts from the total marital assets for two reasons: (1) That the marital estate includes all property owned by either party no matter how acquired, if it is a marriage of long duration; and (2) That during the marriage she

made substantial contributions to all of the property excluded.

In *Koubek v. Koubek*, 212 Neb. 2, 5, 321 N.W.2d 55, 58 (1982), we said: "How property, inherited by a party during the marriage, will be considered in determining division of property or award of alimony must depend upon the facts of the particular case and the equities involved."

In *Van Newkirk v. Van Newkirk*, 212 Neb. 730, 733, 325 N.W.2d 832, 834 (1982), we clarified what we said in *Koubek*, as follows:

> While we have not heretofore said in exact words how property acquired by inheritance or gift during the marriage should be considered, an examination of our previous decisions discloses that when awarding property in a dissolution of marriage, property acquired by one of the parties through gift or inheritance ordinarily is set off to the individual receiving the inheritance or gift and is not considered a part of the marital estate. See, *Wenger v. Wenger*, 200 Neb. 446, 263 N.W.2d 855 (1978); *Cozette v. Cozette*, 196 Neb. 780, 246 N.W.2d 473 (1976); *Johnson v. Johnson, supra*. An exception to the rule is where both of the spouses have contributed to the improvement or operation of the property which one of the parties owned prior to the marriage or received by way of gift or inheritance, or the spouse not owning the property prior to the marriage or not receiving the inheritance or gift has significantly cared for the property during the marriage. See *Rhodes v. Rhodes*, 210 Neb. 373, 314 N.W.2d 271 (1982).

In asserting that all property, regardless of how it was acquired, should be a part of the marital estate, Vera asks us to overrule *Van Newkirk v. Van Newkirk, supra*. Since *Van Newkirk*, we have addressed the disposition of inherited or gifted property in *Ross v. Ross, ante* p. 528, 364 N.W.2d 508 (1985), in *Lord v. Lord*, 213 Neb. 557, 330 N.W.2d 492 (1983), and in *Anstine v. Anstine*, 214 Neb. 808, 336 N.W.2d 552 (1983), and specifically recognized *Van Newkirk* in *Shald v. Shald*, 216 Neb. 897, 346 N.W.2d 406 (1984), where we said that the ultimate test for division of marital property and an award of alimony is one of reasonableness. Our holdings regarding

disposition of inherited and gifted property are consistent with the objective of reaching an award that is reasonable, just, and equitable, and we decline to modify them.

Vera's contributions to the operation of the property were typical of a wife of a farmer-cattle raiser. Occasionally, she would help Robert with branding, dehorning, calving, sorting out, feeding, weed burning, irrigation, fencing, putting up hay, and resetting irrigation pipe. Her efforts, though not to be minimized, did not contribute directly to any preservation of or increase in value of the property.

However, as to tract No. 2, since one-half of that tract was clearly given by Robert's mother to both Robert and Vera as joint tenants with right of survivorship, at least one-half of the value of tract No. 2 should be included in the marital estate. In addition, the family home on tract No. 2 originally was a three-bedroom house with no plumbing or indoor water. Three or four years later, a kitchen and bathroom were added. During the last 4 years, the parties built a new addition next to the old house, then hooked it onto the old house in order to use the kitchen and bathroom, since the new part does not have running water. About $15,000 was spent for materials in the new addition. Although Robert basically furnished the labor, some work was hired out, and a considerable amount of the labor, including the framing and some of the roofing, Sheetrocking, and painting, was done by Vera's brothers and Vera herself. One appraiser gave no value to the old house but valued the new dwelling "as is" at the actual cost of $15,000, plus labor. Another appraiser included the old house and the new addition as a single building and valued it at $20,000.

Considering this contribution to the one-half of the property which was given to Robert only by his father, it is significant, and we therefore determine that 75 percent of the value of tract No. 2 should be included in the marital estate. We therefore modify the decree to increase the amount of property settlement Robert shall pay to Vera from $32,000 to $50,000, with the balance of $48,000 to be paid in payments of $500 per month for a period of 96 months.

During the marriage, Vera undertook the training to become a licensed practical nurse and did work as such from time to

time. The trial court found that she has the necessary education and earning capacity to adequately support herself, and ordered that no alimony be awarded to either party. We agree. Notwithstanding the long duration of the marriage, the division of assets which requires a substantial payment to Vera as property settlement makes additional payment as alimony neither feasible nor appropriate.

Vera complains that $350 for child support is inadequate. The record is silent as to any evidence of any amounts of her monthly expenses and those of the children living with her. Income tax returns show farm income ranging from a high of $9,400 in 1979 to a loss of $6,000 in 1982. Robert worked during the fall every year at the Great Western Sugar Company, earning $4,000 to $5,000 annually. We find no error in the trial court's determination of child support.

Lastly, Vera contends the award of $1,000 to her for attorney fees is inadequate. She argues that Robert sought custody of the children until the time of trial, necessitating time and effort that makes the award inadequate. The problem is that the record contains no showing of such time or effort expended other than court appearances, including a pretrial conference and the trial. We find no abuse of the trial court's discretion in the amount of the attorney fee awarded.

Although not assigned as error, we note that Robert has a policy of health and accident insurance that covers the entire family, including Vera, and he wants to continue to maintain this policy. The decree does not address the matter and should be modified to require that Robert continue this policy, or at least procure adequate health and accident insurance for the benefit of the minor children.

The decree of the district court is affirmed as modified. Vera is awarded the sum of $750 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.