ARLIN F. ROSS, APPELLEE, V. INEZ E. ROSS, APPELLANT.

364 N.W.2d 508

Filed March 22, 1985.   No. 83-882.

James C. Cripe, for appellant.

Chris M. Arps, P.C., for appellee.

BOSLAUGH, WHITE, SHANAHAN, and GRANT, JJ., and HOWARD, D.J.

HOWARD, D.J.

The wife assigns as error that the trial court in dissolving her marriage failed to set off to her certain inherited property, failed to make an equitable division of the marriage assets, and failed to award her sufficient alimony.

At the time of trial the husband was 64 and retired, although available on a part-time basis if needed for maintenance work by Phillips service stations. He is partly disabled and has current health problems. The wife was 65, without employment or prospects of employment. Both draw Social Security; the husband has a small VA disability pension and a Phillips Petroleum pension, and the wife has cash rent from a farm in which she inherited a life estate and which was set off to her by the trial court. The parties were married in 1939, and the three children of the marriage are emancipated. Neither brought property of value to the marriage. The principal assets are shares of stock accumulated by the husband chiefly through a Phillips Petroleum payroll deduction plan, valued at approximately $54,000; the residence, unencumbered, valued at $45,000; and, at issue here, certificates of deposit valued with accrued interest at more than $30,000 at the time of trial.

The trial court awarded the stock to the husband, as well as a vehicle and a savings deposit, with a total valuation of about $59,400, and also awarded him the certificates of deposit on condition that he pay the wife $7,500 as her share thereof. The wife was awarded the home, a vehicle, household goods, and a savings deposit, with a total value of about $50,400, as well as the $7,500 for her share of the certificates. The husband was ordered to pay marital debts of $1,510 and the wife's attorney fees of $1,200. The trial court also noted, in making the division, that the wife had redeemed a fourth certificate of deposit for $6,100 soon after the petition was filed by the husband. Parenthetically, we note here that this fourth

certificate of deposit may have been purchased at least in part with the wife's receipts of rentals from the life estate in the inherited farm, but the record is silent on its source.

The court awarded lifetime alimony to the wife of $150 per month. If she survives the husband, the alimony will be replaced by her share of the Phillips pension in the amount of $162.37 monthly.

Leaving aside the problematical part-time employment income for the husband, the husband's income from Social Security, the pensions, and interest upon his share of the certificates of deposit as awarded amounts to about $1,370 a month, from which he is ordered to pay $150 per month alimony. The wife has net cash rent, Social Security, alimony, and interest on her share of the certificates as awarded, totaling about $834. Her residence is unencumbered, but of course subject to taxes in an undisclosed amount, while the husband is required to find other lodging.

The wife contends that the three certificates of deposit, totaling over $30,000, should be set off to her as funded from the proceeds of an $18,000 inheritance in 1975, with which she purchased (and titled jointly with the husband) three $6,000 certificates of deposit, and she cites *Van Newkirk v. Van Newkirk*, 212 Neb. 730, 733, 325 N.W.2d 832, 834 (1982), which states:

> While we have not heretofore said in exact words how property acquired by inheritance or gift during the marriage should be considered, an examination of our previous decisions discloses that when awarding property in a dissolution of marriage, property acquired by one of the parties through gift or inheritance ordinarily is set off to the individual receiving the inheritance or gift and is not considered a part of the marital estate. See, *Wenger v. Wenger*, 200 Neb. 446, 263 N.W.2d 855 (1978); *Cozette v. Cozette*, 196 Neb. 780, 246 N.W.2d 473 (1976); *Johnson v. Johnson, supra.* An exception to the rule is where both of the spouses have contributed to the improvement or operation of the property which one of the parties owned prior to the marriage or received by way of gift or inheritance, or the spouse not owning the property prior

to the marriage or not receiving the inheritance or gift has significantly cared for the property during the marriage. See *Rhodes v. Rhodes*, 210 Neb. 373, 314 N.W.2d 271 (1982).

See, also, *Applegate v. Applegate, post* p. 532, 365 N.W.2d 394 (1985).

We see nothing in the record which prevents the application of this rule. Accordingly, if the inheritance can be identified, it should be set off to the wife and eliminated from the marital estate to be divided. The three existing certificates are not shown to be the originals. Allusions in the testimony suggest more than one transmutation. There is no evidence one way or the other of contributions by the husband. One certificate at the time of the trial was shown to amount to only $1,321.48, without explanation. The husband does not seem seriously to contend that the existing certificates are not traceable to the inheritance, but does make the valid point that $10,000 thereof was removed by the wife, who in fact testified that she used the proceeds to buy her existing Cadillac automobile. While the husband testified that the certificates were only used as collateral for a loan in the amount of $7,500, nevertheless, in finding as we do from a sketchy record that the wife's inheritance can be identified in the three certificates, we can with assurance say only that, of the original $18,000, at least $8,000 of these jointly titled certificates must be set off to the wife. The remainder of the value of the certificates should be awarded to the parties equally.

The effect of this modification will increase the wife's income from interest and reduce the husband's in a like amount. With alimony to continue at the rate awarded by the trial court, the expected incomes of the parties are not widely disparate, especially as the wife's residence is paid for. The wife stated at the trial that she would sell the house; if she does, and invests the proceeds, her cash income should equal or exceed that of the husband with alimony deducted from his income.

We affirm the judgment of the trial court in all respects except we set off to the wife her inheritance in the amount of $8,000 and order the equal division of the remainder of the certificates of deposit or their value. The parties are charged

with their own attorney fees.

AFFIRMED AS MODIFIED.