ERNEST WILBURN BRINKLEY, APPELLEE AND CROSS-APPELLANT, V.
DARLENE LENORE BRINKLEY, APPELLANT AND CROSS-APPELLEE.
423 N.W.2d 129

Filed May 20, 1988.   No. 86-584.

Earl D. Ahlschwede of Ahlschwede, DeBacker & Truell, for appellant.

James D. Livingston of Cunningham, Blackburn, VonSeggern, Livingston & Francis, for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and WOLF and McGINN, D. JJ.

PER CURIAM.

This is an appeal from the specific awards in a decree of dissolution of marriage. The trial court ordered that the parties' real estate was to be sold and the net proceeds divided equally between the parties; ordered that the money in the savings accounts in the parties' individual names be set over to each; and divided personal property pursuant to an agreement entered into by the parties. The trial court granted the respondent an award of alimony of $12,000, to be paid at the rate of $200 per month, but did not award the respondent attorney fees and did not award her any interest in the petitioner's pension income. The respondent assigns as error the trial court's failure to award to the respondent any of the petitioner's pension income; the trial court's failure to award to the respondent any money from the sale of the parties' real estate based on her contribution to the value of that real estate from money respondent brought into the marriage; and the trial court's failure to award to the respondent any attorney fees. The petitioner cross-appeals from the trial court's award of $12,000 in alimony to the respondent.

In *Guggenmos v. Guggenmos*, 218 Neb. 746, 748-49, 359 N.W.2d 87, 90 (1984), we set forth the proper standard of review in dissolution of marriage cases regarding the division of property and the awarding of attorney fees:

> [W]e now state that the division of property and the awarding of attorney fees in marriage dissolution cases are matters initially entrusted to the sound discretion of the trial judge, which matters, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. In our de novo review, where the evidence is in conflict, we will give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than another.

The ultimate test for division of marital property and an award of alimony is one of reasonableness. *Applegate v. Applegate*, 219 Neb. 532, 365 N.W.2d 394 (1985).

Upon de novo review we conclude that the record fails to show an abuse of discretion in regard to the division of property or the award of alimony. The judgment is therefore affirmed. The parties are to pay their own costs and attorney fees.

AFFIRMED.