HELEN J. TYLER, APPELLEE, V. JULIAN B. TYLER, APPELLANT.
570 N.W. 2d 317

Filed October 17, 1997.   No. S-95-1096.

Carole McMahon-Boies, of Pepperl & McMahon-Boies Law Offices, for appellant.

Paul E. Galter, of Bauer & Galter Law Firm, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WHITE, C.J.

Helen J. Tyler petitions this court for further review, challenging the Nebraska Court of Appeals' distribution of equity in the marital home. We affirm as modified, since the Court of Appeals abused its discretion in distributing the equity of the marital home equally without requiring evidence of the value of Julian B. Tyler's contributions.

The Tylers met in February 1984, and they were married in May 1984. Both had been married previously. At the time of the marriage, wife owned a house which she had received in the property settlement from her prior divorce. The marriage between the Tylers lasted approximately 11 years. Husband and wife separated in April 1994, and husband moved out of the marital home. A divorce decree was entered on September 7, 1995.

At the time of their marriage, wife's house was subject to several claims, including a $38,000 mortgage and a $2,850 special assessment lien. During the marriage, husband paid the

special assessment lien and the couple reduced the mortgage by approximately $3,500. In addition, husband contends that he made various improvements to the home. Wife, however, disputes the extent of the improvements and admits only that husband installed a sump pump and replaced a heat pump.

The Tylers lived in the home for approximately 6 years, then decided to sell the house and purchase another. On May 14, 1990, the Tylers sold the house for $112,000. According to the evidence, the parties received approximately $60,000 from the sale, all of which was used to purchase a new house. The Tylers purchased a house for approximately $130,000 and secured a mortgage of approximately $75,000. At the time of trial, wife estimated that the fair market value of the new home was $148,000 and the outstanding balance on the mortgage was $71,500. Husband estimated that the fair market value of the home was $160,000 and the balance on the mortgage was $73,000.

Wife brought an action in the district court requesting a dissolution decree and a marital property distribution. The district court granted the divorce decree and ordered each party to retain their personal assets and personal debts and to split any joint obligations. The court also awarded wife all the equity in the marital home and ordered her to pay husband $2,850 to equalize the marital estate.

Husband appealed to the Court of Appeals and challenged the debt and property distribution. The court did not find an abuse of discretion in the district court's debt distribution and, as such, in a memorandum opinion, affirmed that portion of the decree. However, the court found that the district court abused its discretion when distributing the equity in the marital home. The court stated that premarital assets should ordinarily be awarded to the individual who owned the asset prior to the marriage. The court noted that an exception to this general rule exists where the spouse not owning the property prior to the marriage significantly cared for the property during the marriage. See *Van Newkirk v. Van Newkirk*, 212 Neb. 730, 325 N.W.2d 832 (1982).

After noting the special assessment paid by husband, the joint mortgage payments, and the improvements made to the house, the court modified the district court's decision and

ordered wife to pay husband a $40,875 property settlement, which was half the equity in the marital home. Wife petitioned this court for further review.

Wife contends the Court of Appeals erred when the court (1) concluded the district court abused its discretion in the distribution of the equity in the marital home; (2) failed to give proper weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another; (3) interpreted *Van Newkirk v. Van Newkirk, supra,* to mean that minimal contributions made by a nonowning spouse to a premarital home gives the nonowning spouse a 50-percent interest in such property; and (4) awarded husband 50 percent equity in the home and still required wife to repay $2,850 for the special assessment.

The division of the marital estate in a dissolution case is initially left to the discretion of the trial court and will be reviewed by an appellate court de novo on the record and affirmed absent an abuse of discretion. *Mellor v. Mellor,* 235 Neb. 361, 455 N.W.2d 177 (1990); *Seemann v. Seemann,* 225 Neb. 116, 402 N.W.2d 883 (1987). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Jirkovsky v. Jirkovsky,* 247 Neb. 141, 525 N.W.2d 615 (1995); *Pendleton v. Pendleton,* 242 Neb. 675, 496 N.W.2d 499 (1993). In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions with respect to the matters at issue. *Thiltges v. Thiltges,* 247 Neb. 371, 527 N.W.2d 853 (1995); *Guggenmos v. Guggenmos,* 218 Neb. 746, 359 N.W.2d 87 (1984). If the evidence, as presented by the record, is in conflict, an appellate court considers, and may give weight to, the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Reichert v. Reichert,* 246 Neb. 31, 516 N.W.2d 600 (1994); *State ex rel. Reitz v. Ringer,* 244 Neb. 976, 510 N.W.2d 294 (1994).

Since we find that the Court of Appeals incorrectly granted husband 50 percent of the equity of the marital home, we modify the court's ruling. As wife's first assignment of error is dispositive, we address that issue only.

In this case, the trial court awarded wife all the equity in the marital home and ordered her to pay husband $2,850 to equalize the marital estate. The Court of Appeals modified the judgment and held that each party was entitled to the equivalent of one-half of the home equity, or $40,875. In her petition for further review, wife argues the Court of Appeals incorrectly modified the district court's property distribution. We agree.

When awarding property in a dissolution of marriage, the property acquired by one of the parties through gift or inheritance ordinarily is set off to the individual receiving the inheritance or gift and is not considered a part of the marital estate. *Van Newkirk v. Van Newkirk*, 212 Neb. 730, 325 N.W.2d 832 (1982). An exception to the rule applies where both of the spouses have contributed to the improvement or operation of the property which one of the parties owned prior to the marriage or received by way of gift or inheritance, or the spouse not owning the property prior to the marriage or not receiving the inheritance or gift has significantly cared for the property during the marriage. *Id.* This rule, as well as the exception, has been applied in numerous cases since *Van Newkirk.* See, e.g., *Preston v. Preston*, 241 Neb. 181, 486 N.W.2d 902 (1992); *DaMoude v. DaMoude*, 229 Neb. 851, 429 N.W.2d 368 (1988); *Buche v. Buche*, 228 Neb. 624, 423 N.W.2d 488 (1988); *Sullivan v. Sullivan*, 223 Neb. 273, 388 N.W.2d 516 (1986); *Applegate v. Applegate*, 219 Neb. 532, 365 N.W.2d 394 (1985); *Ross v. Ross*, 219 Neb. 528, 364 N.W.2d 508 (1985); *Shald v. Shald*, 216 Neb. 897, 346 N.W.2d 406 (1984).

However, each time the *Van Newkirk* exception has been applied, this court has required evidence of the value of the contributions and evidence that the contributions were significant. In *DaMoude v. DaMoude*, 229 Neb. at 854, 429 N.W.2d at 370, we applied *Van Newkirk* and stated that

> [*appellant*] *valued his services and the equipment installed* at approximately $30,000. The only evidence of

the value of the entire farm at the time of the trial was $60,000.

We conclude that [appellant] made *significant contributions* to the improvements on the farm and therefore it should be included in the marital estate.

(Emphasis supplied.) Similarly, in *Preston v. Preston, supra*; *Buche v. Buche, supra*; and *Sullivan v. Sullivan, supra*, this court rejected invitations to apply *Van Newkirk* as there was no evidence of the value of the contributions. As such, in order for this court to apply the *Van Newkirk* exception, husband must demonstrate the value of his significant contributions.

Our de novo review indicates the *Van Newkirk* exception does not apply in this case. The record suggests that while husband may have made certain contributions to the improvement of the marital home, he failed to demonstrate the value of all his alleged contributions. The evidence suggests that husband solely, or with the assistance of wife, made various improvements to the home, including refinishing the doors and trim, building a deck, carpeting and painting the basement family room, replacing the kitchen counter tops, wallpapering and painting interior walls, installing four ceiling fans, painting the exterior of the house, retiling the master bathroom, installing new vinyl in the bathrooms, installing a heat pump, recarpeting the main floor, installing a sump pump, and installing a garage door opener. However, husband failed to produce any evidence indicating the value of these contributions.

Similarly, husband failed to demonstrate the significance of the aforementioned contributions. The only evidence husband produced was proof that he paid the $2,850 special assessment lien, helped reduced the mortgage by approximately $3,500, installed a $450 sump pump, built a $200 deck, and installed a $500 heat pump.

We find the Court of Appeals erred in distributing the marital property equally. We further find that husband is entitled to be compensated for his contributions, the special assessment lien, and half the mortgage reduction. The sum of these amounts entitles husband to $5,750. Thus, we modify the Court of Appeals' decision and order wife to pay husband the sum of $5,750.

AFFIRMED AS MODIFIED.