RAYMOND WARNER ET AL., APPELLANTS, V. STATE OF NEBRASKA, APPELLEE.

211 N. W. 2d 408

Filed October 19, 1973.   No. 38980.

William G. Whitford, for appellants.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, and William J. Orester, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

Boslaugh, J.

This is a proceeding under the Workmen's Compensation Act. The plaintiffs are the parents of Van Raymond Warner who died on December 4, 1970, as the result of an accident arising out of and in the course of his employment by the defendant. The sole issue is whether the plaintiffs were in fact partially dependent upon him for support. The Workmen's Compensation Court and the District Court both found the action should be dismissed.

Van Raymond Warner was 21 years of age at the time of his death. He had been living at home with the plaintiffs. Occasionally, he purchased things for the family but he made no contribution of money to the plaintiffs. In the evenings and on weekends he helped with the work on the farm. The question is whether this contribution of labor, which averaged about 25 hours per week, was sufficient to establish dependency in fact.

The purpose of the Workmen's Compensaction Act is to compensate an employee for the loss of his earning power, and in case of death of the employee, to compensate his dependents for the loss of support which they had been receiving and which, but for the injury to the employee, they had a reasonable right to expect would continue. Meyer v. Nielsen Chevrolet Co., 137 Neb. 6, 287 N. W. 849.

In the language of the act, a dependent in fact is a person who was dependent upon the earnings of the deceased employee for support. § 48-122, R. S. Supp., 1969. Compensation for partial dependency is computed upon the basis of the proportion that the amount regularly contributed by the deceased from his wages bears to the total wages.

Proof of economic loss or financial injury alone is not sufficient to establish dependency in fact. Pieters v. Drake-Williams-Mount Co., 142 Neb. 315, 6 N. W. 2d 69. It is the loss of support, the loss of regular financial

contributions from the wages of the employee for a reasonable time prior to the accident, that determines the right of a dependent in fact to compensation.

Since there was no evidence in this case of any regular contribution by Van Raymond Warner from his wages for the support of the plaintiffs, there was no basis upon which a finding of dependency in fact could be made. Although there are decisions in other states which hold that contributions of labor will support a finding of dependency, the prior decisions of this court are controlling in this case.

The judgment of the District Court is affirmed.

AFFIRMED.