CAROL A. BURGER, APPELLEE, v. ROBERT P. BURGER, APPELLANT.

340 N.W.2d 400

Filed November 18, 1983. No. 82-855.

Craig D. Wittstruck of Berry, Anderson, Creager & Wittstruck, for appellant.

Paul E. Galter of Bauer, Galter & Geier, for appellee.

BOSLAUGH, HASTINGS, SHANAHAN, and GRANT, JJ., and CAMBRIDGE, D.J.

PER CURIAM.

This is an appeal in a proceeding for the dissolution of a marriage. The trial court dissolved the marriage; awarded custody of the minor children of the parties to the respondent husband; awarded the residence property of the parties to the petitioner wife, subject to payment of one-half of the equity to the respondent; and awarded alimony to the petitioner in the sum of $605.77 per month for 19 months and $400 per month for 101 months, the alimony to terminate upon remarriage of the wife or the death of either party.

The respondent has appealed, and contends the court erred in failing to make an equitable division of the marital estate, in awarding alimony to the petitioner, and in awarding an attorney fee to the petitioner.

The parties were married in 1962, and have four children, two of whom were minors at the time of trial and still at home: Jon, born December 27, 1964, and J. Robert, born March 22, 1968.

The respondent is employed by the Burlington Northern Railroad as a conductor and brakeman. His earnings in 1979 amounted to $25,000; in 1980, $29,000; and in 1981, over $33,000. At the time of trial his average earnings for the first 8½ months of 1982 on an annual basis would amount to nearly $40,000.

The petitioner, who is 40 years of age, worked during the marriage, and had been employed as a secretary by Hoskins-Western-Sonderegger for approxi-

mately 5 years when she was terminated on August 16, 1982. During the last year of employment, she had earned slightly in excess of $10,000. She has had some health problems, including depression, for which she has been hospitalized a number of times. At trial she testified that she was "all right" and had been released by her physician to return to work.

The ultimate test for division of marital property and an award of alimony is one of reasonableness. *Koubek v. Koubek*, 212 Neb. 2, 321 N.W.2d 55 (1982).

From our review of the record we are satisfied that the division of property and award of alimony made by the trial court, and the award of an attorney fee to the petitioner, were correct. The judgment of the District Court is therefore affirmed.

AFFIRMED.