ANGELINE PITTMAN, APPELLEE AND CROSS-APPELLANT, V. EUGENE R. PITTMAN, APPELLANT AND CROSS-APPELLEE.

345 N.W.2d 332

Filed March 9, 1984. No. 83-191.

Paul D. Merritt, Jr., of McGinley, Lane, Mueller, O'Donnell & Merritt, P.C., for appellant.

Robert E. Roeder, for appellee.

BOSLAUGH, HASTINGS, and GRANT, JJ., and CHEUVRONT, D.J., and COLWELL, D.J., Retired.

CHEUVRONT, D.J.

An action for dissolution of marriage was brought by the appellee, Angeline Pittman (Angeline), against the appellant, Eugene R. Pittman (Eugene). Trial was had on December 21, 1982, and a decree was filed on January 27, 1983, which dissolved the marriage, divided the property, and ordered Eugene to pay alimony of $350 per month for 121 months and an attorney fee to Angeline. Eugene appealed, assigning as error the division of property, the awarding of alimony, and the amount of the attorney fee. Angeline cross-appealed, assigning as error the amounts of alimony and attorney fee allowed by the trial court.

Eugene and Angeline were married on March 19, 1954, when Eugene was 18 and Angeline was 16 years of age. At the time of the marriage neither party had any assets. In fact, Angeline left high school in the 10th grade upon marriage. Four children were born to the parties, all of whom are of the age of majority. Three of the children have graduated from college; the youngest is presently enrolled at the University of Nebraska in Lincoln.

Eugene has worked for the Union Pacific Railroad for the past 25 years and had gross wages in 1981 of $37,682.35, as shown by his W-2 form. In addition, Eugene received $3,800 in 1982, representing back-

pay for 1981 and a portion of 1982. Eugene testified his 1982 income would be less than that of 1981, although he conceded that he voluntarily had cut back his hours of work. Angeline has worked continuously during the marriage, except for short periods following the birth of each child and a 13-month period in 1977 and 1978 when she attended cosmetology school; upon graduation she completed the state examination and commenced working as a hairdresser in late 1978, continuing as such to the date of trial. Her gross salary for 1981 and 1982 was $8,247.52 and $8,512.10, respectively.

The court awarded Angeline a 1979 Oldsmobile Toronado automobile, furniture and personal property in her possession, and several other small items. Eugene was awarded substantially all of the property of the parties, which included the residential real estate subject to the present mortgage, a 1977 Chevrolet pickup truck, and all other personal property of the parties, including several boats, guns, and other property not awarded to or in the possession of Angeline. In order to equalize the division of property, the trial court awarded Angeline a judgment in the amount of $30,500, $2,000 to be payable forthwith and the balance of $28,500 payable in monthly installments of $300 for a period of 5 years, with the balance to be due at such time. The unpaid balance was to draw interest at the rate of 12 percent per annum. In addition, Eugene was ordered to pay Angeline alimony of $350 per month for 121 months. Angeline was awarded an attorney fee of $1,100.

An action for dissolution of marriage is reviewed de novo in this court, although weight is given to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the opposite. *Barber v. Barber*, 207 Neb. 101, 296 N.W.2d 463 (1980).

There are no precise mathematical formulas which can be employed to determine the equitable

division of property in an action for dissolution of marriage. As stated in *Koubek v. Koubek*, 212 Neb. 2, 5, 321 N.W.2d 55, 58 (1982): "Generally speaking, awards in cases of this kind vary from one-third to one-half of the value of the property involved, depending upon the facts and circumstances of the particular case, and particularly so when the marriage is of long duration and the parties are the parents of all the children involved." It is obvious that the trial court in this case attempted to divide the property in a manner that would result in each party receiving an equal share of the property accumulated during the marriage. Eugene's challenge to the court's decision questions whether an equal division was made. The evidence reflects a conflict with respect to the value of various items of property, and it appears that Eugene's dissatisfaction arises because the trial court failed to use his figures as to value. Upon a review of the record we find that the division of property made by the trial court is within the guidelines of this court and is not patently unfair. In addition, Eugene's argument as to the value of the marital property ignores his substantial withdrawals of sums of money from a savings account of the parties following their separation. The trial court commented, and we concur, that Eugene failed to account for these sums adequately.

Eugene complains that the award of alimony is excessive. Neb. Rev. Stat. § 42-365 (Cum. Supp. 1982) sets forth the criteria which are to be used in determining the award and amount of alimony. The ultimate test is one of reasonableness. *Johnson v. Johnson*, 209 Neb. 317, 307 N.W.2d 783 (1981). We have here a marriage of 25 years' duration. The wife has worked almost continuously during the entire period, and continued to work to the date of trial. The husband currently has gross earnings of four to five times that of the wife. Under all the cir-

cumstances of this case the award of alimony is reasonable.

Eugene's last assignment of error challenges the attorney fee of $1,100 awarded Angeline. The awarding of attorney fees in such cases rests in the discretion of the trial court, taking into consideration the division of property, alimony awarded, the earning capacity of the parties, and the general equities of the case. *Brown v. Brown*, 199 Neb. 394, 259 N.W.2d 24 (1977). Considering the nature of this case, the award of an attorney fee of $1,100 was not an abuse of discretion.

The decree of the district court is affirmed. Angeline is awarded the sum of $750 for the services of her attorney in this court.

AFFIRMED.