ROBERT F. RUHNKE, APPELLEE, V. LORETTA L. RUHNKE, APPELLANT.

355 N.W.2d 339

Filed September 21, 1984.   No. 83-703.

Ronald Rosenberg of Rosenberg & Taute, for appellant.

Lyle Joseph Koenig of Germer, Koenig, Murray, Johnson & Daley, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired

KRIVOSHA, C.J.

Loretta L. Ruhnke appeals from a judgment entered by the district court for Gage County, Nebraska, which dissolved the marriage of Mrs. Ruhnke and her former husband, the appellee, Robert F. Ruhnke, and which further divided the property belonging to the parties. Mr. Ruhnke was awarded

certain real estate and other personal property having a total value of $376,577. In addition, Mr. Ruhnke was to assume the operating debts of the farm business owned by the parties, including an obligation to the Production Credit Association in the amount of $53,588, plus accrued interest. Mrs. Ruhnke was awarded certain real estate and some personal property having a total value of $59,250. In addition, the trial court awarded to Mrs. Ruhnke what the court termed alimony in the sum of $1,400 per month for a period of 15 years. The alimony is not terminable upon the death of either party or upon the remarriage of Mrs. Ruhnke, and is an award of a specific sum of money. When this amount is added to the other property awarded to Mrs. Ruhnke, she received a total of $311,250. In addition, the household goods, furniture, furnishings, and articles of apparel and ornament were awarded to each party according to that which was in his or her possession, free and clear of any claims by the other party. The court specifically excluded from the marital estate certain real estate admittedly acquired by Mr. Ruhnke as a gift from his family, and also certain stock received by Mrs. Ruhnke from her family, directing, instead, that each party was to have such property as acquired by gift from their respective families as his or her own property free and clear of any claim of the other.

Mrs. Ruhnke concedes that the trial court was undoubtedly correct in providing Mr. Ruhnke with the farm real estate, but maintains that because of the significant imbalance in the value of the property, excluding alimony received by Mrs. Ruhnke, she should be awarded an additional lump sum of money; or, in the alternative, if the court considers that the money awarded to Mrs. Ruhnke was really intended for the purpose of equalizing the estate of the parties, then she should be awarded some further alimony in order to permit her to readjust to her new status. Finally, Mrs. Ruhnke argues that while the court was correct in excluding the property each of the parties acquired by gift, nevertheless, the real estate acquired by Mr. Ruhnke from his family has appreciably increased in value, due in part to an irrigation system placed upon the property with joint moneys of the parties. Mrs. Ruhnke therefore maintains that the trial court should have awarded to her some reasonable

value representing her interest in the irrigation system. For reasons more particularly set out in this opinion, we believe that, essentially, the court's decree was in all respects correct and should be affirmed except as modified herein.

We turn first, then, to the question as to whether the trial court was correct in its division of the property, giving most of the real estate to Mr. Ruhnke and directing that he pay to Mrs. Ruhnke moneys over a period of years.

Neb. Rev. Stat. § 42-365 (Cum. Supp. 1982) gives guidance to the trial court as to how the property of the parties is to be divided and whether alimony is to be awarded. Section 42-365 provides in part:

> When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other and division of property as may be reasonable, having regard for the circumstances of the parties, duration of the marriage, a history of the contributions to the marriage by each party, including contributions to the care and education of the children, and interruption of personal careers or educational opportunities, and the ability of the supported party to engage in gainful employment without interfering with the interests of any minor children in the custody of such party. . . .

> While the criteria for reaching a reasonable division of property and a reasonable award of alimony may overlap, the two serve different purposes and are to be considered separately. The purpose of a property division is to distribute the marital assets equitably between the parties. The purpose of alimony is to provide for the continued maintenance or support of one party by the other when the relative economic circumstances and the other criteria enumerated in this section make it appropriate.

We have frequently held that there is no precise mathematical formula which can be employed to determine the equitable division of property in an action for dissolution of marriage. *Pittman v. Pittman*, 216 Neb. 746, 345 N.W.2d 332 (1984). In *Koubek v. Koubek*, 212 Neb. 2, 5, 321 N.W.2d 55, 58 (1982), we once again observed:

> Generally speaking, awards in cases of this kind vary from

one-third to one-half of the value of the property involved, depending upon the facts and circumstances of the particular case, and particularly so when the marriage is of long duration and the parties are the parents of all the children involved.

The ultimate test for determining the correctness of the division of marital property and an award of alimony is one of reasonableness. *Burger v. Burger*, 215 Neb. 699, 340 N.W.2d 400 (1983). Also, in an action for dissolution of marriage, the courts may divide the property between the parties according to the equities, regardless of how legal title is held. *Cozette v. Cozette*, 196 Neb. 780, 246 N.W.2d 473 (1976).

It appears clear to us that the purpose of requiring Mr. Ruhnke to pay to Mrs. Ruhnke the sum of $1,400 per month for a period of 15 years, and to further provide that it is not to be terminable upon the death of either of the parties or the remarriage of Mrs. Ruhnke, was an attempt by the trial court to equitably divide the property without destroying the farming entity. While we agree with the action taken by the trial court, we believe that the moneys awarded to Mrs. Ruhnke should not be considered alimony but in fact should be considered a division of property and should be properly so identified. By doing so we recognize that this may alter the tax consequences for each of the parties. Nevertheless, we believe that it would be more appropriate that the moneys ordered paid to Mrs. Ruhnke by Mr. Ruhnke should have been in lieu of the property itself, and for this reason we direct that the payment of these monthly sums should not be considered alimony but, rather, should be considered to be in lieu of division of property.

To that extent, therefore, we direct that the decree of the trial court should be modified. Paragraph 10 of the court's findings should read as follows:

That petitioner should pay to respondent by way of division of property the sum of $252,000, payable $1,400 on September 1, 1983, and a like sum of $1,400 on the first day of each and every month thereafter for a period of 180 months, or until all of said sum has been paid; said payment to be made in any event and not to terminate upon the death of either party or upon the remarriage of

respondent, the same being deemed vested in her.

Furthermore, the decretal portion, paragraph 5, should likewise be amended to provide: "That petitioner be, and hereby is, ordered to pay such sums of money in lieu of property division to respondent in manner and amount and subject to terms and conditions as set forth in the court's findings."

Mrs. Ruhnke argues to the court that if the court should determine, as we have, that the payment to her should be considered as a division of property, then she should be entitled to alimony to permit her to adjust and to acquire whatever additional skills she may need in order to become self-sufficient. While the argument has merit, unfortunately the record is totally devoid of any evidence to adequately support any order by this court for any such sum. There is no evidence to indicate what it is that Mrs. Ruhnke proposes to do or what will be required to assist her in obtaining skills necessary to become self-sufficient. We simply have no basis upon which we can make any such award. However, we do not wish to deny to Mrs. Ruhnke the opportunity, should it be appropriate for her to do so, to seek modification of the decree as to alimony payments. For this reason, and because of the limitations imposed by the provisions of § 42-365 regarding alimony and modification of awards of alimony, we believe that the decree should provide that Mrs. Ruhnke shall receive, by way of alimony, the sum of $12 per year, payable on the first day of January 1985 and the first day of January of each succeeding year, for a period of 15 years. In doing so we recognize that we are not providing any income to Mrs. Ruhnke, but we are affording her the opportunity to seek modification of the decree if facts should warrant it. In view, however, of the income she now has, and in view of the evidence now in the record, we would be engaging in pure speculation to take any other steps.

The last matter raised by Mrs. Ruhnke has to do with her claim that we should award her some part of the enhanced value of the real estate which Mr. Ruhnke acquired by gift from his family. While the record does support the claim that the property has increased in value, and while there is evidence that

joint moneys of the parties were used more than 10 years ago to install the irrigation system, there is no evidence in the record to establish what part of the increase in value is due to appreciation in land values generally and what portion is due to the presence of irrigation. For us to therefore arbitrarily award a sum of money without any evidence would be to again engage in speculation. Furthermore, it is apparent that during the years that the parties were together, each of them benefited from the income from the irrigated farms. For this reason we believe that the trial court did not commit error when it did not allow to Mrs. Ruhnke any increased value for the irrigated property set over to Mr. Ruhnke.

Except, therefore, as to the modifications made herein, the judgment of the trial court is in all respects affirmed. An attorney fee in the amount of $750 is awarded to Mrs. Ruhnke to apply upon her attorney fees.

AFFIRMED AS MODIFIED.

COLWELL, D.J., Retired, dissenting.

I respectfully dissent.

The majority places undue emphasis on a mathematical division of property, without regard for all of the attending circumstances and the alimony needs of the appellant. The parties did not own a family home.

Most of the assets are related to the production of farm income by the husband, who remains responsible for alimony, child education and support, and the payment of debts.

Some of the asset values are not realistic when considering the overlapping questions of alimony and division of property. Appellee owns an undivided one-half interest in a four-unit apartment house in Lincoln, Nebraska, having a total value of $65,000, subject to a mortgage of $45,000. The rental income is consumed by the mortgage loan payments, insurance, taxes, and repairs; it is not an "income" asset. It is valued at $10,000. He owns an undivided interest in a combine, corn head, augers (two), parts of a pivot system, and irrigation motors, having a total assigned value of $41,000. These undivided interests have limited salability. Appellee owns stock in a farm cooperative valued at $22,887; it cannot be transferred for value, and it cannot be redeemed until age 65 years.

Under the circumstances the trial judge made a considered effort to comply with Neb. Rev. Stat. § 42-365 (Cum. Supp. 1982) and at the same time do justice to both parties.

I would affirm.