MARVA L. BLACK, APPELLEE, V. JON S. BLACK, APPELLANT.
378 N.W.2d 849

Filed December 27, 1985.   No. 84-697.

Patrick W. Healey of Healey, Brown, Wieland, Kluender, Atwood & Jacobs, for appellant.

Donald C. Sass, for appellee.

BOSLAUGH, HASTINGS, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired.

PER CURIAM.

This is an appeal in a marital dissolution case. On August 10, 1984, the district court dissolved the marriage of Marva L. Black, petitioner, and Jon S. Black, respondent. The respondent was awarded an undivided three-fourths interest in the main asset of the parties, 750 acres of farmland plus improvements. The petitioner was awarded an undivided one-fourth interest in the property. Possession was awarded to the respondent.

The court further ordered the respondent to hold the petitioner harmless for all indebtedness on the property and "should pay to petitioner for her interest in said real estate and in consideration of the contributions she has made toward the purchase of his interest in the sum of $150,000," payable $30,000 on December 1, 1984, and the balance in installments

of $1,000 per month, with rights of acceleration and foreclosure. The costs, including a $2,000 attorney fee, were taxed to the respondent. The respondent has appealed and has assigned as error the division of property and the taxing of attorney fees.

The parties were married June 10, 1976. The petitioner was then 41 and the respondent 34. No children were born of the marriage, but petitioner was the custodial parent of two children from a previous marriage. The petitioner moved out of the parties' residence on November 19, 1983, and filed this action on January 9, 1984.

During the marriage, the respondent was engaged and employed solely in farming. The petitioner did not work full time outside of the home until 1980, when she became a legal secretary. There is ample evidence of petitioner's earnings for the years 1980 to 1983 but no evidence of respondent's earnings or income for any of the years the parties were married.

The petitioner testified and the district court found that she brought substantial assets into the marriage. These assets were derived mainly from her previous marriage and the division of property awarded her when that marriage was dissolved. In that decree she was awarded $132,000 in property settlement, of which she received $81,058 while married to the respondent. Just prior to her marriage to the respondent she received approximately $65,000 in cash from the sale of real estate that had been awarded to her. She received $25,391 in child support during her marriage to respondent. The petitioner further testified that she had $1,000 in cash and some life insurance policies which she cashed for $3,000. It is apparent from the record that all of the funds were either deposited in the joint account of the parties, used to pay off farm indebtedness, or used to purchase various items, including real property.

The record shows that the respondent also brought substantial assets into the marriage. At the time of the marriage the respondent owned a one-third interest in a partnership with his mother, Mildred Black, and his brother, Clarence Black. The partnership owned a 750-acre tract of land in Jefferson County, Nebraska. The respondent and his brother operated a jointly owned hog farm on the property. The district court

found that the fair market value of the property at the time of the parties' marriage was $450,000 and was subject to a $137,000 mortgage. The respondent's one-third interest was thus worth $104,300.

Additionally, the respondent had an undivided one-half interest in farm machinery, which was valued at $23,020 at the time of marriage. Both parties had items of personal property, including motor vehicles, the values of which are not shown in the record.

On August 27, 1976, the respondent's mother, Mildred Black, conveyed her one-third interest in the property to the two sons. The respondent's one-half interest in the property was then worth approximately $156,500.

On August 31, 1976, the parties purchased Clarence Black's one-half interest in the 750-acre property for $140,000 plus assumption of all indebtedness associated with the property. This resulted in the respondent having a three-fourths interest in the property and the petitioner a one-fourth interest. A $50,000 downpayment was made from cash the petitioner had brought into their marriage.

At the time of the decree there was $112,998 due on the mortgage and $118,450 due on the purchase contract.

On April 8, 1977, the parties assigned the purchase contract to the First National Bank of Fairbury, Nebraska, as security for certain loans, but it is not clear from the record whether the loans were preexisting or were made at the time of the assignment. The respondent testified there was indebtedness due the First National Bank of Fairbury, Nebraska, in the amount of $292,246, but the record does not show how that debt relates to the assignment made in 1977.

The district court found that the farmland had a value of $700 an acre, or $525,000. The improvements, consisting mainly of the residence, swimming pool, and various farm buildings, were valued at $120,000. Although the respondent testified that the money which had been borrowed to build the residence has not been repaid, there is no testimony as to which of the debts were incurred for that purpose.

The district court allocated all of the indebtedness of the parties, amounting to $581,081, to the respondent and ordered

that he hold the petitioner harmless with respect thereto.

The decree allocated various items of personal property which were not valued and awarded the respondent the farm machinery valued at $42,000 and the livestock valued at $27,000.

Generally, the division of property in a dissolution case is based on equitable principles, and its purpose is to divide the marital assets equitably. Neb. Rev. Stat. § 42-365 (Reissue 1984). Ultimately, the test is one of reasonableness. *Burger v. Burger*, 215 Neb. 699, 340 N.W.2d 400 (1983). There is no mathematical formula by which such awards can be precisely determined, because each depends upon the facts of the particular case. *McCollister v. McCollister*, 219 Neb. 711, 365 N.W.2d 825 (1985); *Lord v. Lord*, 213 Neb. 557, 330 N.W.2d 492 (1983). A division of property award will not be disturbed on appeal unless it is patently unfair. *Edwards v. Edwards*, 199 Neb. 581, 260 N.W.2d 319 (1977).

As we view the record, the division of the marital estate which was made in this case is patently unfair. The total value of the assets is approximately $714,000. After subtracting the indebtedness, the net value of the marital estate is approximately $132,919.

The debts of the parties should be considered in making a property division. *Choat v. Choat*, 218 Neb. 875, 359 N.W.2d 810 (1984). We have consistently spoken of dividing the *net* marital estate. See, *McCollister v. McCollister, supra*; *Gleason v. Gleason*, 218 Neb. 629, 357 N.W.2d 465 (1984); *Martin v. Martin*, 215 Neb. 508, 339 N.W.2d 754 (1983); *Grummert v. Grummert*, 195 Neb. 148, 237 N.W.2d 126 (1975); *Kula v. Kula*, 181 Neb. 531, 149 N.W.2d 430 (1967).

The values of the parties' separate contributions to the marriage are almost equal. Petitioner contributed cash totaling approximately $171,500, while respondent brought in property and machinery valued at approximately $179,500. Thus, it is equitable to divide equally the net marital estate, which consists principally of the 750-acre property and the machinery and livestock, minus the indebtedness of the parties. The parties lost substantial amounts of money during the marriage, and the losses as well as the gains should be divided equitably between

the parties. See *Loukota v. Loukota*, 177 Neb. 355, 128 N.W.2d 809 (1964).

Both parties have expressed a willingness to accept an equal division of the proceeds remaining, if any, after a sale of the property and payment of the indebtedness. We think this is an equitable resolution of the matter.

We find no abuse of discretion in regard to the attorney fee awarded to the petitioner by the district court.

The judgment is modified to provide that the respondent shall have the option to acquire title to the real estate and improvements, machinery, and livestock by payment of $66,500 to the clerk of the district court for the benefit of the petitioner within 6 months from the date of the judgment on the mandate of this court. In the event the respondent fails to exercise that option, the real estate and improvements, machinery, and livestock shall, upon the application of either party, be sold as upon execution, and any proceeds remaining after payment of the indebtedness of the parties shall be divided equally between them. The judgment is in all other respects affirmed.

Each party shall pay his or her own costs and attorney fees.

AFFIRMED AS MODIFIED.