**STATE PENITENTIARY and Colorado Compensation Insurance Authority, Petitioners,**

**v.**

**Dorothy TOOTHAKER, The Industrial Claim Appeals Office of the State of Colorado and Director, Division of Labor, Respondents.**

No. 91CA0234.

Colorado Court of Appeals,
Div. I.

Nov. 21, 1991.

As Modified on Denial of Rehearing
Dec. 19, 1991.

Certiorari Denied June 22, 1992.

John Berry, Denver, for petitioners.

Gerlach & Weddell, P.C., Dale A. Gerlach, Colorado Springs, for respondent Dorothy Toothaker.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Deputy Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge DAVIDSON.

Petitioners, State Penitentiary and Colorado Compensation Insurance Authority, seek review of a final order of the Industrial Claim Appeals Panel determining that after claimant Dorothy Toothaker's 65th birthday they will no longer be entitled to an offset against their disability payments to her by virtue of her Public Employees Retirement Association (PERA) "Disability Pension." We set aside the order.

Claimant sustained an admitted work-related injury in 1980 and was unable to continue working. At the time of her injury, she had worked for this employer for approximately 12 years. As a result of her inability to continue working, she became eligible for, and was awarded, PERA disability retirement.

Accordingly, pursuant to § 8–51–101(1)(d), C.R.S. (1986 Repl.Vol. 3B), as in effect at the time of claimant's injury, claimant's temporary and permanent disability benefits were reduced to reflect an offset based on her disability pension benefit. No dispute exists concerning the propriety of the offset prior to claimant's 65th birthday. The administrative law judge (ALJ), however, also concluded that the petitioners would no longer be entitled to the PERA offset after April 16, 1990, the date of claimant's 65th birthday. It is this portion of the order which is the subject of dispute here.

The Industrial Claim Appeals Panel affirmed. It determined that the petitioners will no longer be entitled to the statutory offset based on claimant's receipt of PERA benefits once the claimant reaches the age at which she would have been eligible to receive service retirement benefits. The panel reasoned that when a disability retiree reaches the age of 65, the employer's obligation to pay benefits comes into existence independently of the disability, and therefore, the employer no longer incurs the "double" expense which the offset was intended to prevent.

On review, petitioners contend that the claimant will receive a windfall, contrary to the legislative intent, if she receives both the retirement benefit and the full workers' compensation benefits *without* offset after age 65. Under the circumstances of this case, we agree.

Under §§ 24–51–701(1) and 24–51–703(1), C.R.S. (1988 Repl.Vol. 10B), any PERA member with five or more years of earned service credit who becomes permanently unable to perform his or her job, and who is not already eligible for a normal service retirement, is entitled to apply for disability retirement benefits upon terminating employment.

The disability retirement benefit awarded is equal to the amount of benefit which

would have been payable if such employee had continued working to age 65. The calculation to determine such benefit includes not only earned and purchased service credit accumulated up to the date of disability, but also includes projected service credit up to 65 years of age, not to exceed a total of 20 years of service credit. However, the amount of such benefit awarded may in no event exceed 50 percent of the member's highest average salary unless the member has actually earned or purchased sufficient credit to entitle him or her to such additional amount. Section 24–51–704, C.R.S. (1988 Repl.Vol. 10B). Such disability benefits are paid as long as the disability condition continues. Section 24–51–707(1), C.R.S. (1988 Repl.Vol. 10B). As the panel recognized, disability retirement is not automatically converted to a normal service retirement when such retiree reaches the normal service retirement age. Section 24–51–101, et seq., C.R.S. (1988 Repl. Vol. 10B).

Thus, a member, such as the claimant here, who is disabled at age 55 and who has 12 years of actual earned service credit receives disability retirement benefits calculated upon a total of 20 years of service (12 years of actual earned service plus 8 years of gratuitous projected service). Therefore, the disability benefit amounts to 50 percent of the claimant's highest average salary. This is in contrast to the more limited service retirement benefit which would have been payable to the claimant at age 65 by virtue of her 12 years of actual employment (30 percent of the claimant's highest average salary). *See* §§ 24–51–602, 24–51–603, 24–51–704, C.R.S. (1988 Repl.Vol. 10B).

Hence, the statutes provide, and the testimony before the ALJ indicated, that part of the disability retirement benefit payable to the claimant (20 percent) is directly attributable to the fact that she was permanently disabled at work. The testimony further established that such disability benefit would, after age 65, be paid for the rest of her life regardless of her recovery or her work status, subject only to those normal postretirement employment limitations applicable to all service retirees.

Therefore, we agree with the petitioners that the offset afforded by § 8–51–101(1)(d), as applicable to this claim, should continue so long as the disability benefits continue, and should not automatically terminate based upon claimant achieving 65 years of age.

In calculating the portion of the employer's contributions for which it is entitled to an offset, we note that prior to age 65, the entire benefit received by claimant was attributable to her disability because she was not at that time eligible for normal service retirement benefits. However, upon reaching age 65, claimant became, under the PERA statute, entitled to regular service retirement benefits based upon her actual earned service credits. Nonetheless, a portion of her continuing PERA benefits remains attributable to her disability—that portion which represents unearned years of service credited to her, or 8 years. Thus, the offset after age 65 must be reduced by the percentage of the benefits attributable to the earned service retirement pension. Therefore, here, 8/20 of the offset which was allowed prior to claimant reaching the age of 65 is permitted.

Accordingly, the order of the Panel is set aside, and the matter is remanded for a recalculation of benefits consistent with the views contained herein.

PIERCE and SMITH, JJ., concur.