JUDEE E. MOSER, APPELLANT, V. RANDALL S. MOSER, APPELLEE.
476 N.W.2d 922

Filed November 22, 1991.    No. 91-187.

James H. Hoppe, of Watkins-Scott-Hoppe, for appellant.

Gregory D. Barton, of Harding & Ogborn, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Judee E. Moser appeals the judgment of the district court which awarded sole custody of the parties' minor child to the child's father, Randall S. Moser, with specific visitation rights to Judee Moser as mother of the child.

In an appeal involving an action for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed

the witnesses and accepted one version of the facts rather than another.

*Huffman v. Huffman*, 236 Neb. 101, 104, 459 N.W.2d 215, 219 (1990). Accord, *Schulze v. Schulze*, 238 Neb. 81, 469 N.W.2d 139 (1991); *Ritter v. Ritter*, 234 Neb. 203, 450 N.W.2d 204 (1990). "Child custody in a proceeding to dissolve a marriage is a matter within the trial court's discretion." *Ritter v. Ritter, supra* at 208, 450 N.W.2d at 209. Accord *Peterson v. Peterson*, 224 Neb. 557, 399 N.W.2d 792 (1987).

From our de novo examination and review of the record, we have determined that the district court did not abuse its discretion. See *Huffman v. Huffman, supra*.

AFFIRMED.