JOSEPH J. POLICKY, APPELLANT, V. RHONDA L. POLICKY, APPELLEE.

479 N.W.2d 795

Filed February 14, 1992.    No. 91-491.

David L. Kimble, of Souchek & Kimble, for appellant.

Thomas M. Wakeley, of Legal Services of Southeast Nebraska, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Joseph J. Policky appeals from the judgment of the district court for Seward County in a proceeding to dissolve his marriage to Rhonda L. Policky. The court found that Joseph and Rhonda Policky were fit parents of their minor son. Joseph Policky contends that the district court abused its discretion in awarding custody of the parties' minor child to the mother, Rhonda Policky, with reasonable visitation to Joseph Policky, and by failing to equitably divide the Policky marital estate.

"In an appeal involving an action for dissolution of marriage, the Supreme Court's review of a trial court's judgment is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse

of discretion. In such de novo review, when the evidence is in conflict, the Supreme Court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another."

*Moser v. Moser, ante* p. 617, 617-18, 476 N.W.2d 922 (1991). Accord, *Schulze v. Schulze,* 238 Neb. 81, 469 N.W.2d 139 (1991); *Huffman v. Huffman,* 236 Neb. 101, 459 N.W.2d 215 (1990). "Child custody in a proceeding to dissolve a marriage is a matter within the trial court's discretion." *Ritter v. Ritter,* 234 Neb. 203, 208, 450 N.W.2d 204, 209 (1990). Accord *Peterson v. Peterson,* 224 Neb. 557, 399 N.W.2d 792 (1987). The division of property in marriage dissolution cases is a matter initially entrusted to the discretion of the trial judge. *Guggenmos v. Guggenmos,* 218 Neb. 746, 359 N.W.2d 87 (1984). See, *Taylor v. Taylor,* 222 Neb. 721, 386 N.W.2d 851 (1986); *Sullivan v. Sullivan,* 223 Neb. 273, 388 N.W.2d 516 (1986).

From our de novo examination and review of the record, we have determined that the district court did not abuse its discretion regarding child custody or property division in this proceeding. See *Moser v. Moser, supra.*

AFFIRMED.