KATHLEEN ALICE GIBSON–VOSS, APPELLEE, V. THOMAS MICHAEL VOSS, APPELLANT.

541 N.W.2d 74

Filed December 19, 1995. No. A–94–369.

Larry W. Beucke, of Parker, Grossart, Bahensky & Beucke, for appellant.

Marsha E. Fangmeyer and John H. Marsh, of Knapp, Fangmeyer, Aschwege & Besse, for appellee.

HANNON, IRWIN, and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.

Thomas Michael Voss appeals those portions of the decree of dissolution entered by the district court for Buffalo County on March 4, 1994, pertaining to the division of property and the award of $500 to Kathleen Alice Gibson-Voss for attorney fees. For the reasons recited below, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## FACTS

The parties were married on April 14, 1987; they separated on May 29, 1993; and the dissolution decree was entered on March 4, 1994. No children have been born of the marriage.

The district court conducted a hearing on February 9, 1994. Kathleen and Thomas testified. The record shows the following: Prior to the marriage, Kathleen owned 80 acres of pasture ground with a barn near Ravenna, for which property she paid

$12,000. Prior to the marriage, Kathleen paid for a barn owned by Thomas to be moved onto the property. Both parties valued this building at $10,000.

After the marriage, three additional outbuildings and a residence were built on the property. The parties financed the residence with a mortgage from the State Bank of Cairo in the amount of $57,000 and at least $30,000 of a $37,000 workers' compensation settlement that Thomas received in 1989 for an August 1986 work–related injury. At the time of trial, approximately $55,900 was still owed on the mortgage. The parties agreed that the value of the house and property together was approximately $110,000. The record does not show in whose name the property is held.

During the marriage, Kathleen and Thomas raised approximately 26 head of cattle on the property. Prior to the hearing, the herd was sold, and Kathleen deposited the profits into a checking account. During the marriage, Kathleen was employed with Burlington Northern Railroad and earned approximately $34,000 per year. Although there was conflicting testimony, the trial court found, and the record supports, that for some period of time prior to the marriage and some portion of the marriage, Kathleen supported both herself and Thomas. There is conflicting testimony that during the marriage Kathleen paid child support owed by Thomas for children of Thomas' previous marriage. Apparently, Thomas did receive some weekly benefits for some period of time prior to receiving the lump–sum settlement, and at some point in 1988, Thomas returned to work for Burlington Northern Railroad. He earns approximately $30,000 per year. In 1993, he worked approximately 7 months and spent the remainder of the year at an alcohol treatment center.

Kathleen indicated that she was responsible for the bills associated with the property; "dealt with the contractors, the subcontractors in building"; and provided the daily care for the cattle. Thomas indicated that they both contributed to the daily care for the cattle.

The district court divided the assets as follows: Kathleen was awarded certain marital property and its related debt having a net value of $46,260. In particular, Kathleen was awarded the

residence and realty. She was also given credit for the $12,000 she had paid for the realty prior to the marriage. Thomas was awarded certain marital property and its related debt having a net value of $32,116. In addition, the court found that Thomas was entitled to an award of $7,022 in order to equalize the property division.

The court did not separately award the various outbuildings located on the realty, but found them to be "a part of the real estate and incorporated with the award of the real estate." The court further stated:

> [E]ach party has made substantial contributions to the value of the real estate involved herein. For example, [Thomas] has contributed a building which was moved on to the property and a substantial portion of a personal injury settlement award. [Kathleen], however, has also made similar contributions to the development of the real estate through payments for other properties installed, costs of moving the buildings, and being the sole supporter of the marital entity during the time much of the property development occurred. It appears to this court that the contributions of the parties are essentially equal and that further adjustments are not necessary.

At trial, Kathleen sought attorney fees, primarily due to legal expenses she incurred as a result of Thomas' alleged violation of protection orders. The court awarded Kathleen $500 for attorney fees. According to the court, this amount represents the cost and value of additional fees incurred because of "the inappropriate and unnecessary behaviors of [Thomas]."

## ASSIGNMENTS OF ERROR

Thomas assigns as error the division of the marital property because it failed to credit him for the workers' compensation settlement received for an injury that occurred prior to the marriage and the building that he owned prior to the marriage. Thomas also assigns as error the $500 award of attorney fees to Kathleen.

## STANDARD OF REVIEW

In an appeal involving an action for dissolution of marriage, an appellate court's review of a trial court's judgment

is de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, an appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Thiltges v. Thiltges*, 247 Neb. 371, 527 N.W.2d 853 (1995); *Policky v. Policky*, 239 Neb. 1032, 479 N.W.2d 795 (1992).

■ The division of property in marriage dissolution cases is a matter initially entrusted to the discretion of the trial judge. *Id.*

■ A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right in matters submitted for disposition in a judicial system. *Marr v. Marr*, 245 Neb. 655, 515 N.W.2d 118 (1994); *Sabatka v. Sabatka*, 245 Neb. 109, 511 N.W.2d 107 (1994).

## ANALYSIS

*Division of Property.*

■ The Nebraska Supreme Court has repeatedly stated that the ultimate test for determining an appropriate division of marital property is one of fairness and reasonableness as determined by the facts of each case. *Thiltges, supra*; *Jirkovsky v. Jirkovsky*, 247 Neb. 141, 525 N.W.2d 615 (1995); *Preston v. Preston*, 241 Neb. 181, 486 N.W.2d 902 (1992). See Neb. Rev. Stat. § 42-365 (Reissue 1993). There is no mathematical formula by which property awards can be precisely determined. *Thiltges, supra*. A division of property will not be disturbed on appeal unless it is patently unfair. *Heser v. Heser*, 231 Neb. 928, 438 N.W.2d 795 (1989).

We first address whether Thomas' workers' compensation award should have been included in the marital estate. Although the question of whether workers' compensation awards are marital property is one of first impression in Nebraska, several other state courts have considered the issue. There appear to be

three general approaches in classifying such awards. Some jurisdictions hold that workers' compensation awards acquired during the marriage are marital property. See, e.g., *Orszula v. Orszula*, 292 S.C. 264, 356 S.E.2d 114 (1987); *Goode v. Goode*, 286 Ark. 463, 692 S.W.2d 757 (1985); *In re Marriage of Dettore*, 86 Ill. App. 3d 540, 408 N.E.2d 429 (1980). Others have concluded that a workers' compensation award is the separate property of the injured spouse regardless of when the injury occurred or when the award is acquired. See, e.g., *Gloria B.S. v. Richard G.S.*, 458 A.2d 707 (Del. Fam. 1983). See, also, *Izatt v. Izatt*, 627 P.2d 49 (Utah 1981). Finally, equitable distribution jurisdictions have generally concluded that the portion of the workers' compensation award that represents lost wages or lost earning capacity sustained during the marriage is marital property. See, *Jessee v. Jessee*, 883 S.W.2d 507 (Ky. App. 1994); *Crocker v. Crocker*, 824 P.2d 1117 (Okla. 1991); *Bandow v. Bandow*, 794 P.2d 1346 (Alaska 1990); *Ward v. Ward*, 453 N.W.2d 729 (Minn. App. 1990); *Kirk v. Kirk*, 577 A.2d 976 (R.I. 1990); *Weisfeld v. Weisfeld*, 545 So. 2d 1341 (Fla. 1989); *Wilk v. Wilk*, 781 S.W.2d 217 (Mo. App. 1989); *Queen v. Queen*, 308 Md. 574, 521 A.2d 320 (1987); *In re Marriage of Blankenship*, 210 Mont. 31, 682 P.2d 1354 (1984).

Because Nebraska is an equitable distribution jurisdiction, *Black v. Black*, 221 Neb. 533, 378 N.W.2d 849 (1985), and we consider it to be a well-reasoned approach, we adopt the final approach, pursuant to which the portion of the workers' compensation award that represents lost wages or lost earning capacity sustained during the marriage is marital property. In addition, this approach is consistent with the purpose of the Nebraska Workers' Compensation Act, Neb. Rev. Stat. § 48-101 et seq. (Reissue 1993, Cum. Supp. 1994 & Supp. 1995), which is to compensate an employee for a loss in earning power because of an accidental injury arising out of and in the course of employment. *Warner v. State*, 190 Neb. 643, 211 N.W.2d 408 (1973). Accordingly, a workers' compensation award is marital property only to the extent it recompenses for the couple's loss of income during the marriage. *Jessee, supra*; *Crocker, supra*. To the extent that it compensates an employee for loss of

premarriage or postdivorce earnings of the injured party, it is that person's separate property. *Id.*

To determine what portions of the award are marital property or separate property, a court must consider (1) the purpose of the award, e.g., whether it was made for lost earnings, loss of future earning capacity, or some other purpose; (2) the time period of any diminished earning potential or disability; (3) the nature and date of the underlying injury; and (4) the terms of the award. *Crocker, supra; Wilk, supra; In re Marriage of Blankenship, supra.*

The trial court did not consider any of the above and treated Thomas' entire workers' compensation award as marital property. The testimony showed that Thomas' injury occurred in 1986, prior to the marriage in 1987, and Thomas received the $37,000 award during the marriage. The testimony does not reveal any of the specifics surrounding the injury or the award and is such that in our de novo review we are unable to determine which portion of the workers' compensation settlement is marital property under the four–part test noted above. We conclude that on this record the trial court abused its discretion in treating the entire workers' compensation award as marital property. Based upon the above case law, any portion of the award which recompenses Thomas for premarriage or postdivorce wages or loss of earning capacity is Thomas' separate property, and any portion that represents loss of earning capacity for the years of the marriage is marital property.

As noted above, although we review the case before us de novo on the record, we are unable to make a decision consistent with the above case law because of the sparse record regarding the workers' compensation award. Because the workers' compensation award appears to be a significant contribution to the marital estate, we are also unable to opine on the propriety of the property division overall. It also appears that the building originally owned by Thomas was a significant contribution to the marital estate, and upon remand the trial court should give reasonable credit to Thomas for this property. See *Rezac v. Rezac*, 221 Neb. 516, 378 N.W.2d 196 (1985). For these reasons, we remand the matter for further proceedings.

*Attorney Fees.*

Thomas also claims that the trial court's award of $500 to Kathleen for attorney fees was error. We do not agree. Neb. Rev. Stat. § 42–367 (Reissue 1993) permits an award of attorney fees in dissolution cases. An award of attorney fees is discretionary with the trial court and depends on a variety of factors, including the property involved, the earning capacity of the parties, and the general equities of the situation. *Reichert v. Reichert*, 246 Neb. 31, 516 N.W.2d 600 (1994). An award of attorney fees will be affirmed in the absence of an abuse of discretion. *Id*. Following our review of the record, we find no such abuse.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.