**In re the MARRIAGE OF Denice L. BRECKENRIDGE, Appellee,**

**and**

**Bradley S. Breckenridge, Appellant.**

**No. 98CA0310.**

Colorado Court of Appeals,
Div. V.

Feb. 18, 1999.

Frey, Korb, Haggerty & Michaels, P.C., John J. Haggerty, Fort Collins, Colorado, for Appellee.

Parry Law Office, Jonathon D. Parry, Seattle, Washington, for Appellant.

Opinion by Judge VOGT.

In this dissolution of marriage proceeding between Bradley S. Breckenridge (husband) and Denice L. Breckenridge (wife), husband appeals the permanent orders to the extent they classified his workers' compensation settlement as marital property subject to division. We reverse and remand with directions.

The parties were married in 1974, and husband sustained work-related injuries in 1980 and 1985. He received approximately $25,000 in permanent total disability benefits between 1990 and 1993.

In August 1997, three months prior to the entry of the decree of dissolution, husband settled his workers' compensation claim. Under the settlement, husband was to receive lifetime monthly payments of $210, which the parties agreed were husband's separate property, as well as a lump sum payment of $25,000. The settlement agreement stated that the $25,000 "shall represent a compromise payment of the weekly permanent total disability benefits over the projected term of [husband's] life expectancy of 388 months at the rate of $64.43 per month."

The trial court classified husband's workers' compensation settlement as marital property. Since the parties agreed to an equal division of property and the trial court found that an equal division was equitable, the value of the settlement was divided equally.

Husband contends that, in classifying the parties' property, the trial court erred in focusing on the fact that the settlement was liquidated and received prior to the dissolution of the marriage. He argues that, to the extent the settlement compensated him for future, post-dissolution lost earning capacity, it constitutes his separate property. We agree.

Both parties find support for their positions in *In re Marriage of Smith*, 817 P.2d 641 (Colo.App.1991), in which a division of this court addressed the classification of a claim for workers' compensation benefits that

was pending and unliquidated at the time of the dissolution. The trial court had concluded that because the claim accrued during the marriage, it was marital property subject to division.

The division reversed. After reviewing the varying approaches taken in other jurisdictions, the division adopted the "analytical approach," pursuant to which classification turns on the loss that the particular workers' compensation award is intended to remedy. Under this approach, a workers' compensation award is marital property only to the extent it compensates the recipient for lost marital wages or for medical care and other related expenses incurred during marriage. To the extent it compensates for post-dissolution loss of earning capacity, it is not marital property even if the compensable injury occurred during the marriage.

■ The trial court found that *Smith* did not support treating husband's $25,000 settlement as separate property because, in contrast to the pending unliquidated claim in *Smith,* the $25,000 was actually awarded prior to dissolution. However, as we read *Smith,* the analytical approach adopted there is to be used in all cases, and is not limited to situations in which the claim for benefits is pending on the date of dissolution.

Such a rule is consistent with the goal of prompt settlement of workers' compensation claims, *see* § 8–40–102(1), C.R.S.1998, in that it eliminates a potential incentive to delay prosecution and settlement of such claims when a dissolution decree is anticipated but not yet entered. Further, it is consistent with cases from other jurisdictions that have applied the analytical approach in situations in which the workers' compensation benefits or settlement was received prior to the dissolution. *See Weisfeld v. Weisfeld,* 545 So.2d

1341 (Fla.1989); *Gibson–Voss v. Voss,* 4 Neb. App. 236, 541 N.W.2d 74 (1995); *Freeman v. Freeman,* 107 N.C.App. 644, 421 S.E.2d 623 (1992); *Crocker v. Crocker,* 824 P.2d 1117 (Okla.1991).

We therefore conclude that husband's settlement should have been classified as his separate property to the extent it compensated him for loss of post-dissolution income or earning capacity.

■ Here, the settlement agreement indicates that the $25,000 represents payment for future lost income or lost earning capacity. However, since the award was made some time prior to the dissolution, we cannot determine as a matter of law that the entire $25,000 was for post-dissolution losses. Accordingly, a remand is necessary to determine whether any portion of the $25,000 is compensation for lost income or earning capacity prior to the date of dissolution. Any such portion is marital property. The remainder of the $25,000 shall be classified as husband's separate property. The court should also reconsider the permanent orders to determine whether the property division, maintenance and child support need to be revised in light of the reclassification of husband's workers' compensation settlement.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

HUME, C.J., and BRIGGS, J., concur.