In re the MARRIAGE OF Michele N. HANSEN, Appellant,

and

Peter E. Hansen, Appellee.

No. 01CA2359.

Colorado Court of Appeals, Div. IV.

Nov. 21, 2002.

Donald W. Belveal, Canon City, Colorado, for Appellant.

Law Office of J.E. Losavio, J.E. Losavio, Karen L. Sims, William J. Culver, John K. Priddy, Pueblo, Colorado, for Appellee.

Opinion by Judge DAVIDSON.

Michele N. Hansen (wife) appeals from the permanent orders entered in conjunction with the dissolution of her twenty-three-year marriage to Peter E. Hansen (husband). We reverse and remand.

During the marriage, husband, who was an employee of the Department of Corrections, was placed on full disability provided by the Public Employees' Retirement Association (PERA). He was forty-five years old and had twelve years of service. He elected the "cobeneficiary plan" option, which entitled wife, as the named beneficiary, to receive full lifetime benefits after his death. Husband also receives Veterans Administration disability benefits, which are not at issue in this appeal.

The parties agreed after mediation to an equal division of the PERA benefits, but left the classification of such benefits as spousal maintenance or property division to the trial court.

After a hearing, the trial court determined that husband's PERA disability benefit compensated him for loss of future income and was not a marital asset subject to distribution between the parties. The court also found that wife met the threshold of need and was entitled to an award of permanent spousal support. Thus, the court classified wife's share of the PERA disability benefit as maintenance that would not be terminated by wife's remarriage. However, the court found that husband could seek modification of such maintenance upon wife's remarriage, depending on the circumstances.

The court was initially inclined to rule that wife should continue to receive half of the PERA benefit after husband's death and that the balance should pass to his estate. However, after the parties informed the court that husband could not designate multiple beneficiaries, the court concluded that husband was entitled to change the PERA beneficiary. The court ruled, however, that wife was to continue to receive the same amount of spousal maintenance, even if a change of beneficiary reduces husband's benefit.

I.

Wife first contends that the trial court erred in determining that the PERA disability benefit did not constitute a marital asset. We agree in part.

■ Generally, a spouse's post-dissolution earnings are not marital property, and benefits compensating for loss of those earnings are not subject to division. *In re Marriage of Peterson,* 870 P.2d 630 (Colo.App.1994)(police disability pension does not constitute marital property based, in part, on analogy to social security, workers' compensation, and Veterans Administration benefits and, in part, on statute creating such benefits and prohibiting their alienation); *In re Marriage of Smith,* 817 P.2d 641 (Colo.App.1991)(workers' compensation award is marital property only to the extent it compensates for lost marital wages or for medical care and other related expenses incurred during the marriage); *see also In re Marriage of Breckenridge,* 973 P.2d 1290 (Colo.App.1999)(workers' compensation award is not marital property to the extent it compensates for post-dissolution loss of earning capacity, even if the compensable injury occurred during the marriage).

■ In contrast, the proceeds from a private disability insurance policy acquired with marital funds during the marriage are subject to division because they are not excluded from the statutory definition of marital property. *In re Marriage of Simon,* 856 P.2d 47 (Colo.App.1993).

Wife argues that because husband contributed to his PERA pension during the marriage, the disability benefit he received prior to normal retirement age is analogous to the benefit received from a private disability annuity purchased during the marriage with marital funds.

■ The issue whether pension benefits are marital property is well settled. *See In re Marriage of Kelm,* 912 P.2d 545 (Colo. 1996); *In re Marriage of Grubb,* 745 P.2d 661 (Colo.1987).

PERA is a defined benefit plan, accumulated in part through employee contributions. *In re Marriage of Nordahl,* 834 P.2d 838

(Colo.App.1992). Under § 24–51–701, C.R.S. 2002, any PERA member with five or more years of earned service credit who becomes permanently unable to perform his or her job and who is not already eligible for a normal service retirement is entitled to apply for disability retirement benefits upon terminating employment. Section 24–51–704, C.R.S. 2002.

However, the amount of the PERA disability benefit is not tied to husband's actual contributions, but is based upon a statutory formula established for all eligible workers. By statute, the disability retirement benefit awarded is equal to the benefit that would have been payable upon reaching sixty-five years of age. The calculation to determine such benefit includes not only earned and purchased service credit accumulated up to the date of disability, but also projected service credit up to sixty-five years of age, not to exceed a total of twenty years of service credit, except in situations not applicable here. Section 24–51–704.

■ Because an employee receiving a PERA disability benefit must be permanently unable to perform his or her job and not eligible for a normal service retirement, we see no reason to depart from the rule established by *Peterson*. Therefore, the PERA disability benefit prior to age sixty-five replaces future earnings, and we agree with the trial court that such benefit does not constitute marital property. *See also In re Marriage of Breckenridge, supra.*

However, after age sixty-five, the PERA disability benefit is paid for the rest of the disabled employee's life, regardless of recovery or work status, subject only to the normal postretirement employment limitations applicable to all service retirees. Nevertheless, the portion representing the unearned service credit attributed to the employee remains based upon the disability. *State Penitentiary v. Toothaker,* 832 P.2d 1009 (Colo. App.1991); *see also In re Marriage of Peterson, supra* (to the extent disability benefits compensate for lost future earnings they are not treated as marital property).

■ We further conclude, therefore, that regardless of the worker's recovery or work status, once the disabled employee reaches age sixty-five and benefits are paid, those benefits, except for the portion of unearned service credit projected to age sixty-five, are more akin to retirement benefits. Thus, when the disabled employee reaches age sixty-five, the portion of PERA benefits that is attributable to the years of service prior to disability constitutes marital property, and the balance remains separate property. *See State Penitentiary v. Toothaker, supra.*

Here, once disabled, husband received the maximum benefit of fifty percent of his salary, even though his twelve years of service at that time would have entitled him to only thirty percent of his highest average salary at age sixty-five. After age sixty-five, forty percent (eight of twenty years) of the retirement benefit remains attributable to his disability and continues to represent his separate property, and sixty percent (twelve of twenty years) is based upon his actual service and, therefore, constitutes marital property at age sixty-five. *See State Penitentiary v. Toothaker, supra.*

■ However, we reject wife's additional argument that the disability benefit constitutes marital property once husband reaches his normal retirement age, which she construes to be approximately age fifty-eight, when his age plus his actual and projected years of service total eighty.

Wife's argument is based upon § 24–51–602(1)(c), C.R.S.2002, which is part of the service retirement eligibility statute. It provides that PERA members who are fifty-five years of age or older are entitled to receive service retirement benefits if they have at least five years of service and if their age plus service credit equals eighty years or more. However, because husband did not seek retirement benefits based upon his actual service, but was placed on disability status, we do not view that section as dispositive.

Accordingly, this matter is remanded to the trial court to recharacterize as marital property sixty percent of husband's PERA benefit payable after age sixty-five.

## II.

In the permanent orders, both the property division and maintenance award were

determined based on the assumption that husband's PERA benefit was his separate property. However, we have determined in Part I that, as to sixty percent of that benefit, this characterization was erroneous. In light of that determination, on remand, the trial court must reconsider the entire property division as well as the maintenance award. *See In re Marriage of Antuna*, 8 P.3d 589 (Colo.App.2000)(issues of property division and maintenance are inextricably intertwined).

Furthermore, because a portion of the PERA benefit is marital property, the court also must reconsider its determination whether wife is entitled to a share of the PERA death benefit. *See In re Marriage of Payne*, 897 P.2d 888 (Colo.App.1995). In determining this question, the court may consider additional evidence and argument concerning the characterization of the death benefit, as well as husband's ability to designate a new beneficiary. *See In re Marriage of Lee*, 781 P.2d 102 (Colo.App.1989).

The judgment is reversed, and the case is remanded for further proceedings in accordance with this opinion.

Judge VOGT and Judge DAILEY concur.